Le Anthony YOUNG, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–04–00018–CR.

Court of Appeals of Texas,
Tyler.

Aug. 10, 2005.

Discretionary Review Refused
Jan. 25, 2006.

James H. Dyer, for appellant.

Charles J. Breaux, Jr., for state.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

DIANE DeVASTO, Justice.

A jury convicted Appellant Le Anthony Young of delivery of a controlled substance and assessed his punishment at forty years of imprisonment. In five issues, Appellant contends that (1) the State introduced insufficient evidence corroborating the testi-

mony of its confidential informant, (2) the trial court erred in the admission of a plastic bag containing cocaine, (3) the trial court abused its discretion in admitting a copy of an audio tape recording of the alleged drug transaction, (4) Appellant was denied a fair trial by the State's failure to comply with the trial court's discovery order, and (5) the indictment improperly alleged an actual delivery of the cocaine. We affirm.

### BACKGROUND

Sergeant John Catoe with the Deep East Texas Regional Narcotics Task Force (the "Task Force") testified that he was working an undercover operation in Crockett, Texas. He met with Steven McCullough, who agreed to serve as a confidential informant for Catoe. McCullough advised Catoe that he could purchase crack cocaine from Appellant. Catoe equipped McCullough with an audio monitoring and recording device and supplied him with three hundred dollars to buy the cocaine from Appellant.

McCullough told Catoe that Appellant lived at 604 North 8th Street in Crockett. Catoe followed McCullough to that address, where Appellant was staying with Deborah Evans. McCullough entered the residence and purchased 6.28 grams of crack cocaine. Catoe followed McCullough back to a predetermined location and took custody of the cocaine.

The State presented three witnesses at trial: Catoe, McCullough, and Kelvin Minor, a criminalist in the drug section of the Texas Department of Public Safety ("DPS"). Thirteen State's exhibits were admitted during trial, including the cocaine and the audio tape.

A jury found Appellant guilty of delivery of a controlled substance, and the court sentenced him to forty years of imprisonment. This appeal followed.

### CORROBORATION OF INFORMANT'S TESTIMONY

■ In his first issue, Appellant complains that the evidence was insufficient to corroborate McCullough's testimony as a confidential informant. The legislature has mandated that a defendant may not be convicted by the statements of a confidential informant unless that testimony is corroborated in the following manner:

(a) A defendant may not be convicted of an offense under Chapter 481, Health and Safety Code, on the testimony of a person who is not a licensed peace officer or a special investigator but who is acting covertly on behalf of a law enforcement agency or under the color of law enforcement unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.

(b) Corroboration is not sufficient for the purposes of this article if the corroboration only shows the commission of the offense.

Tex.Code Crim. Proc. Ann. art. 38.141(a), (b) (Vernon 2005).

■ A challenge to the sufficiency of the corroboration is not the same as a challenge to the sufficiency of the evidence to support the verdict as a whole. *See Cathey v. State*, 992 S.W.2d 460, 462–63 (Tex.Crim.App.1999). To corroborate a confidential informant's testimony, all the law requires is that there be some non-confidential-informant evidence that tends to connect the accused to the commission of offense. *See Young v. State*, 95 S.W.3d 448, 451 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). To determine the sufficiency of the corroborative evidence, we eliminate the testimony of the confidential informant and ask whether other inculpatory evidence tends to connect the accused

with the commission of the offense. *See id.* (citing *McDuff v. State*, 939 S.W.2d 607, 612 (Tex.Crim.App.1997)). The "tends-to-connect" standard does not present a high threshold. *See Cantelon v. State*, 85 S.W.3d 457, 461 (Tex.App.-Austin 2002, no pet.).

McCullough testified that he had known Appellant for five years and that he purchased the crack cocaine from Appellant on December 18, 2002 at the house located at 604 North 8th Street in Crockett. He also identified Appellant's voice on the audio recording. Appellant contends that the State introduced insufficient non-confidential-informant evidence to corroborate McCullough's testimony. Therefore, Appellant contends, the State failed to meet the "tends-to-connect" standard imposed by Article 38.141. In support of his argument, Appellant relies on *Young* in which the conviction was reversed because there was no evidence except the testimony of the informant that connected the appellant with the offense. *See Young*, 95 S.W.3d at 451–52. In *Young*, no law enforcement officer could verify that the informant went to the appellant's house on the day of the drug transaction. Moreover, no other witnesses testified that the informant entered the appellant's house or that a drug transaction took place there. *See id.*

In the instant case, Catoe testified that the planned drug purchase occurred on December 18, 2002. Before executing the plan, Catoe searched McCullough to ensure that he had no drugs on him and provided him with three hundred dollars in cash. Catoe then followed McCullough to 604 North 8th Street in Crockett, where Appellant was staying with Deborah Evans. Catoe observed McCullough enter the house and testified that McCullough remained inside for three to five minutes. Catoe maintained audio surveillance while McCullough was in the house. Catoe testified that through his employment at the Crockett Police Department, he had become familiar with Appellant's voice. He also said that, as he listened to what was happening inside the house, he heard a conversation between Appellant and McCullough that sounded like a drug transaction. When McCullough exited the house, Catoe followed him to a predetermined location where Catoe received the crack cocaine from McCullough and confirmed that McCullough no longer had the three hundred dollars in cash. Thus, Catoe's testimony provided the corroboration in this case that was missing in *Young*.

Based on the foregoing evidence, we conclude that the informant's testimony was corroborated by sufficient other evidence tending to connect Appellant to the drug purchase. Appellant's first issue is overruled.

### CHAIN OF CUSTODY

In his second issue, Appellant argues that the trial court erred in admitting the cocaine into evidence because the State failed to properly authenticate or identify the exhibit through a "chain of custody." Appellant further argues that the trial court erred in admitting the cocaine during the testimony of McCullough, which was conditional, irrelevant, and inadmissible. The State contends that the exhibit was properly authenticated and identified. Alternatively, the State argues that Appellant did not preserve this issue for our review. After reviewing the record, we conclude that the issue was properly preserved. Therefore, we will address it.

It is within the trial court's discretion to determine the sufficiency of a predicate. *Smith v. State*, 683 S.W.2d 393, 405 (Tex.Crim.App.1984). Absent an abuse of discretion, we will not disturb the trial court's finding. *Id.* When the State shows the beginning and the ending of the

chain of custody, any gaps in between go to weight rather than the admissibility of the evidence, particularly if the chain of custody from seizure to the laboratory is shown. *Id.*

In this case, chain of custody affidavits executed by Catoe, Jack Carter (a Task Force representative), and Minor (a DPS criminalist), respectively, and a certificate of analysis prepared by Minor were admitted into evidence. *See* TEX.CODE CRIM. PROC. ANN. arts. 38.41 (certificate of analysis), 38.42 (chain of custody affidavits) (Vernon 2005). These affidavits established that Catoe received the cocaine from McCullough and transferred it to Carter who, in turn, transferred it to the DPS Crime Lab, where it was stored in a secured vault until analysis. At trial, Catoe testified that after receiving the suspected crack cocaine from McCullough, he conducted a field test that was positive for cocaine and described the identification procedure he used for the cocaine when he later submitted it for analysis. Catoe also identified, as State's Exhibit No. 5, the evidence bag containing a small bag of off-white substance as the crack cocaine he received from McCullough on December 18, 2002. According to his testimony, his identification was based on the unique case number assigned to and noted on the exhibit, his signature and initials noted on the exhibit, and the date and time of receipt, also noted on the exhibit. Minor testified about the results of his analysis of the cocaine.

This evidence shows a complete chain of custody from seizure to the laboratory. The record reveals no evidence of tampering and no gaps in the chain of custody. Therefore, we hold that the trial court did not abuse its discretion in overruling Appellant's chain of custody objection and admitting the cocaine into evidence. Appellant's second issue is overruled.

### ADMISSION OF AUDIO TAPE

■ In his third issue, Appellant argues that the trial court erred in admitting the audio tape recording into evidence.

Texas Rule of Evidence 901 governs the admissibility of electronic recordings. *Angleton v. State,* 971 S.W.2d 65, 67 (Tex. Crim.App.1998). Rule 901 requires authentication or identification as a condition precedent to admissibility. TEX.R. EVID. 901(a). This requirement is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. *Id.* Appellant contends that the tape was not properly authenticated under Rule 901 and that the oral testimony of McCullough did not establish that the audio tape was "what its proponent claims." *See* TEX.R. EVID. 901. The State argues that the objection made at trial was a "mere predicate objection" and insufficient to preserve the issue for our review.

■ To preserve an issue for review, a party must timely object and state the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context of the objection. TEX.R.APP. P. 33.1(a)(1)(A). Here, Appellant objected to the admission of the tape stating that McCullough had no knowledge of how the tape was produced and that the proper predicate was not laid for the introduction of the tape. Objecting on the basis that no predicate has been laid is a general objection that lacks the specificity necessary to advise the trial court of the basis for the objection. *See Smith v. State,* 683 S.W.2d 393, 403–04 (Tex.Crim. App.1984). Such an objection fails to preserve the issue for review. *Id.* An objection to an improper predicate that fails to inform the trial court exactly how the

predicate is deficient will not preserve error. *Bird v. State*, 692 S.W.2d 65, 70 (Tex.Crim.App.1985). In his objection, Appellant did not inform the trial court how the predicate was deficient. Therefore, he failed to preserve this issue for review. *See* Tex.R.App. P. 33.1(a)(1). Appellant's third issue is overruled.

### Failure to Comply with Discovery Order

In his fourth issue, Appellant contends that the State failed to comply with the trial court's discovery order. He maintains that he was denied the signed agreement between the Task Force and McCullough, which was a violation of the order and constituted "vital impeachment evidence." Consequently, Appellant concludes, he was denied a fair trial.

The trial court's discovery order required the State to furnish all known convictions admissible for impeachment concerning the State's proposed witnesses and all known convictions, pending charges, or suspected criminal offenses concerning any accomplice proposed to be used as a witness by the State. Thereafter, the State provided Appellant with a driver's license history, a computerized history summary, and an NCIC/TCIC history on McCullough. The trial court also granted a motion for discovery, requiring the State to furnish "all promises of benefits or leniency afforded to any accomplice or prospective witness in connection with his/her proposed testimony or other cooperation with regard to the alleged offense and all exculpatory evidence pursuant to" *Brady v. Maryland*[1] and related cases.

Catoe testified that before an individual is used as a confidential informant in an investigation, the person must sign a written agreement with the Task Force. He described this agreement as a DPS form governing the actions of the informant. Catoe testified that McCullough signed such an agreement and that the agreement was on file with the Task Force. Catoe stated that a confidential informant could be paid money as well as receive a favorable disposition on a case as a result of the work the informant did for the Task Force. Appellant did not cross-examine Catoe about the agreement other than to establish that McCullough signed the agreement and that the District Attorney did not provide a copy to the Appellant. McCullough admitted during his testimony that he had signed an agreement "to buy drugs" for the Task Force. He also stated that he was not paid or promised anything for his work.

According to Appellant, not only did the State have a duty to reveal the agreement pursuant to *Brady*, but the discovery order entered by the court required such disclosure. We agree the State has an affirmative duty under the Due Process Clause to disclose exculpatory or impeachment evidence that is material to guilt or punishment. *See generally United States v. Bagley*, 473 U.S. 667, 677, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985); *see also Brady*, 373 U.S. at 87, 83 S.Ct. at 1196–97, 10 L.Ed.2d at 218; *Thomas v. State*, 841 S.W.2d 399, 407 (Tex. Crim.App.1992). Favorable evidence is "material" if there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Thomas*, 841 S.W.2d at 404. When the evidence is disclosed during trial, however, the materiality question turns on whether the defendant was prejudiced by the delayed disclosure. *Williams v. State*, 995 S.W.2d 754, 761–62 (Tex.App.-San Antonio 1999, no pet.). Furthermore,

---

1. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

when previously withheld evidence is disclosed at trial, the defendant has an opportunity to request a continuance. *Id.* The failure to request one waives any *Brady* violation, as well as any violation of a discovery order. *Gutierrez v. State*, 85 S.W.3d 446, 452 (Tex.App.-Austin 2002, pet. ref'd); *Williams*, 995 S.W.2d at 761–62.

In the instant case, Appellant failed to request a continuance at any time after the State disclosed the agreement between the Task Force and McCullough. Therefore, assuming *arguendo* that the State had a duty to disclose the challenged evidence, Appellant waived any violation of *Brady* or the trial court's discovery order. Appellant's fourth issue is overruled.

### THE INDICTMENT

In his fifth issue, Appellant maintains that the indictment alleges a combination of two different types of delivery of crack cocaine. According to Appellant, the State's failure to plead the delivery of a controlled substance by Appellant to McCullough as agent for Catoe or as a codefendant under the law of parties resulted in the violation of his constitutional rights to notice of the charges against him, procedural due process of law, and a fair and impartial trial.

The elements of the offense of delivery of a controlled substance are (1) a person (2) knowingly or intentionally (3) delivers (4) a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 2003) ("Texas Controlled Substances Act"); *Stewart v. State*, 718 S.W.2d 286, 288 (Tex.Crim.App.1986). The term "deliver" is defined in the Texas Controlled Substances Act as a "transfer, [whether actual or constructive], to another a controlled substance ..., regardless of whether there is an agency relationship". TEX. HEALTH & SAFETY CODE ANN.

§ 481.002(8) (Vernon 2004). A "transfer" is "a voluntary relinquishment of possession in favor of another." *Thomas v. State*, 832 S.W.2d 47, 51 (Tex.Crim.App. 1992). An actual transfer or delivery, as commonly understood, contemplates the manual transfer of property from the transferor to the transferee or to the transferee's agent or to someone identified in law with the transferee. *See Heberling v. State*, 834 S.W.2d 350, 354 (Tex.Crim. App.1992). A "constructive transfer" occurs when a defendant transfers a controlled substance either belonging to the defendant or under his direct or indirect control by some other person or manner at the instance or direction of the defendant. *Daniels v. State*, 754 S.W.2d 214, 221 (Tex. Crim.App.1988). An indictment for the delivery of a controlled substance must specify which type or types of delivery the State will rely upon and need not allege the precise manner by which a specified type of delivery was performed. *Marable v. State*, 990 S.W.2d 421, 423 (Tex.App.-Texarkana 1999), *aff'd*, 85 S.W.3d 287 (Tex. Crim.App.2002).

In the instant case, the indictment alleged that Appellant "did then and there knowingly deliver, by actual transfer, to John Catoe, a controlled substance, namely, cocaine, ..." The term "deliver" as defined by the Texas Health and Safety Code contemplates "the actual transfer from one person to another of a controlled substance, *whether or not there is an agency relationship.*" *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (emphasis added). Therefore, it was unnecessary for the State to allege that Appellant delivered the cocaine to McCullough as agent for Catoe. Moreover, it is well settled that the law of parties need not be pleaded in the indictment. *Marable v. State*, 85 S.W.3d 287, 288 (Tex.Crim.App.2002).

707

A written instrument is sufficient as an indictment under the Texas Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective. *Duron v. State*, 956 S.W.2d 547, 550–51 (Tex.Crim. App.1997). The indictment in this case met those requirements. Appellant's fifth issue is overruled.

### DISPOSITION

Having overruled Appellant's five issues, the trial court's judgment is *affirmed.*