In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-202 CR


____________________



DEVIN MICHAEL STRONG, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 4


Montgomery County, Texas


Trial Cause No. 04-194937






 MEMORANDUM OPINION 


 Devin Michael Strong contends the trial court erred in denying his motions for new
trial and for mistrial. In both motions, Strong alleged the State failed to disclose exculpatory
evidence. We affirm.

Background


 The State charged Strong with intentionally damaging a vehicle by scratching it with
a key and causing a loss of more than $500.00, but less than $1,500.00. The charged conduct
constitutes criminal mischief, a Class A misdemeanor. See Tex. Pen. Code Ann. §
28.03(a)(1), (b)(3)(A)(i) (Vernon Supp. 2005). A jury found Strong guilty of the offense,
assessed his punishment at thirty days confinement, and recommended suspending his
sentence. The trial court followed the jury's recommendation and placed Strong on
community supervision for one year.

 At trial, Anders Karlsen testified that while he was sitting in his car, he heard a
scratching noise coming from the rear driver's side. Karlsen looked over his shoulder and
saw three boys, one of whom was Strong, walking past the car. Karlsen further testified that
he observed Strong "keying" the car with a set of keys that had a blue number one hanging
from the ring. When officers searched Strong, they found he had a ring of keys with a blue
number one attached. 

 A week before trial, another of the three boys, David Lobue, provided a written
statement to investigators in which he stated that he was walking ahead of Strong when
Karlsen's car was "keyed." Though the State did not call Lobue as a witness, Strong called
him. Contrary to his written statement, Lobue testified at trial that he was behind Strong as
they walked past the car and that he did not see Strong commit the offense. Lobue further
testified that his written statement was incorrect and that after giving the statement, he told
the prosecutor he was behind Strong and did not see Strong key the car. Strong maintains
the State did not disclose this new, exculpatory information until after the jury retired to
deliberate.

 The State concedes that the information is exculpatory and that the prosecution did
not timely disclose it. However, the State maintains that Strong did not preserve his
complaint for appellate review because he failed to request a postponement or seek a
continuance during or after Lobue's testimony. Instead, the State argues, Strong waited until
the jury returned an adverse verdict before raising his complaint. We agree.

Applicable Law


 A prosecutor has an affirmative duty to turn over material, favorable evidence to the
defense. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Little v.
State, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999). To determine whether a prosecutor's
actions violate a defendant's due process rights, we employ a three-part test. We consider
whether: (1) the prosecutor failed to disclose evidence; (2) the evidence is favorable to the
accused; and (3) the evidence is material (i.e., whether a reasonable probability exists that
the result of the proceeding would have been different if the evidence had been disclosed to
the defense). Little, 991 S.W.2d at 866. When the disclosure of evidence occurs at trial, the
issue becomes whether the tardy disclosure prejudiced the defendant. Id. If the defendant
received the material in time to use it effectively at trial, his conviction should not be
reversed just because it was not disclosed as early as it should have been. Id. 

 When the disclosure of previously withheld evidence occurs at trial, the defendant
preserves error by requesting a continuance. Cohen v. State, 966 S.W.2d 756, 763 (Tex.
App.- Beaumont 1998, pet. ref'd). "The failure to request one waives any Brady violation,
as well as any violation of a discovery order." See Young v. State, 183 S.W.3d 699, 705-06
(Tex. App.- Tyler 2005, pet. ref'd) (citing Gutierrez v. State, 85 S.W.3d 446, 452 (Tex.
App.- Austin 2002, pet. ref'd); Williams v. State, 995 S.W.2d 754, 761-62 (Tex. App.- San
Antonio 1999, no pet. ). "It is only when a trial court denies a request for continuance based
on a Brady violation that a defendant may follow with a request for a mistrial." Cohen, 966
S.W.2d at 764-65.

 In this case, the defense attorney called Lobue as a witness. Lobue testified that
Strong was in front of Lobue when they walked beside the car and that Lobue did not see
Strong key the car. Instead of asking for a continuance, defense counsel continued to
question Lobue. In addition, defense counsel examined Lobue three times on redirect and
each time elicited reassurances from Lobue about the truthfulness of his trial testimony. 
However, defense counsel never requested a continuance. Thus, Strong waived any Brady
violation that may have occurred.

 We overrule Strong's sole issue and affirm the trial court's judgment.

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on May 2, 2006

Opinion Delivered June 28, 2006

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.