COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-451-CR

 

 

KARL FITZGERALD WALKER                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

I. Introduction

In one issue, Appellant Karl Fitzgerald Walker
contends that the trial court erred by not striking evidence of an
unadjudicated forgery offense during the punishment phase of trial. 

 








II. Factual and Procedural History

Appellant was convicted of robbery causing bodily
injury after he attempted to steal a woman=s purse
in the parking lot of a local mall on August 21, 2004.  At the punishment phase of trial, Appellant
pled true to the enhancement count, making the offense punishable as a first
degree felony.   The State then offered
testimony of three individuals to prove an unadjudicated forgery charge.  Amanda Brown, an employee of First Bank
and a former bank teller, identified State=s
Exhibit 14 as a check that she had cashed on April 14, 2005.  The check was made out to Appellant and bore
his endorsement and also contained his thumb print.  The check was drawn on the account of JBI
Electrical Systems, Inc. and was purportedly signed by JBI=s owner,
Jacky Martin.  Martin testified that
while the check resembled the checks issued by his company, it did not bear the
company logo.  He denied authorizing or
signing the check and stated that he did not know anyone named Karl F.
Walker.  The last witness was Tammy
McLean, a fingerprint examiner, who testified that the fingerprint on the check
matched Appellant=s fingerprints.  At no time did Appellant object to any of the
testimony offered by the State, request conditional admission, or request a
contemporaneous limiting instruction regarding the jury=s
consideration of the evidence. 








After the State rested its punishment
case-in-chief, Appellant moved the trial court to strike all of the witness
testimony regarding the alleged forgery on the basis that the State failed to
prove all of the elements of forgery beyond a reasonable doubt.  The trial court overruled the motion.  The trial court instructed the jury in the
jury charge that they could not consider evidence of an extraneous act unless
they believed beyond a reasonable doubt that Appellant had committed the
extraneous act.  Subsequently, the jury
assessed Appellant=s punishment at thirty-eight
years=
confinement and a $3,000 fine.  The trial
court sentenced Appellant accordingly. 

III. Extraneous Offense or Bad Act Evidence at
Punishment

In his sole point, Appellant contends that the
trial court erred by not striking evidence of an unadjudicated forgery offense
because the State failed to prove all of the elements of forgery beyond a
reasonable doubt.  

A. Preservation of Error








To preserve a complaint for our review, a party must have
presented to the trial court a request, objection, or motion that states the
specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  The objection must be timely;
that is, the defense must have objected to the evidence, if possible, before it
was actually admitted.  Ethington v.
State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).  If this was not possible, the defense must
have objected as soon as the objectionable nature of the evidence became
apparent and must have moved to strike the evidence, that is, to have it
removed from the body of evidence the jury is allowed to consider.  Id.  The
trial judge must have overruled the objection.  Id. 

Global objections are not sufficiently specific
to preserve arguments for appeal.  See
Swain v. State, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005).  It violates ordinary notions of procedural
default for a court of appeals to reverse a trial court=s
decision on a legal theory not presented to a trial court by the complaining
party.  Hailey v. State, 87 S.W.3d
118, 122 (Tex. Crim. App. 2002).  Whether the specific grounds for the objection
were apparent from the context of the objection is determined by looking at
each situation individually as it arises. 
Heidelberg v. State, 144 S.W.3d 535, 538 (Tex. Crim. App. 2004).  Error is not waived when the grounds of the
objection are obvious to the court or the opposing counsel.  Eisenhauer v. State, 754 S.W.2d 159,
161 (Tex. Crim. App. 1988).








In the case before us, the record shows that
Appellant made no objections to any of the complained-of evidence as it was
presented.  Instead, he waited until the
State rested its punishment case-in-chief before moving to strike the testimony
regarding the alleged forgery.  The State
argues that Appellant=s objection was not preserved
because Appellant failed to make a timely objection.  We disagree. 
For an objection to be timely the defense must have objected to the
evidence, if possible, before it was actually admitted.  See Ethington, 819 S.W.2d at 858.  In this case, a contemporaneous objection was
not possible because Appellant=s entire
objection was based on the argument that the witnesses=
cumulative testimony failed to establish all of the elements of forgery beyond
a reasonable doubt.  Appellant could not
have known whether the State proved all of the elements of forgery until the
State had presented the evidence in its entirety.  Moreover, Appellant made his objection known
to the trial court as soon as the objectionable nature of the cumulative
evidence became apparent; that is, as soon as Appellant determined that the
State failed to offer sufficient proof to establish the offense of forgery,
Appellant made a motion to strike, alerting the trial court of the perceived
insufficiency.  See id.  Thus, Appellant=s
objection to the evidence was timely. 

The State further contends that Appellant=s objection was
insufficient because it was not specific enough to preserve the complaint for
appeal.  Specifically, the State argues
that because Appellant failed to specify which elements the State failed to
prove, the objection was too global and therefore insufficient to preserve
error. 








Again, we disagree. 
Error is not forfeited when the grounds for the objections were obvious
to the trial court.[2]  See Eisenhauer, 754 S.W.2d at
161.  In reviewing the record, it is
evident that the legal theory behind Appellant=s complaint was
apparent to the trial court; indeed, in overruling Appellant=s motion to
strike, the trial court stated that:

there is factually sufficient
evidence the jury, if they choose to consider, could find [forgery] beyond a
reasonable doubt.  Whether they choose or
not is a matter of how they accept or weigh the evidence, but I think as a
matter of law, which is the basis of your motion to strike . . .
[t]hat the evidence is legally sufficient. 
It=s whether the jurors accept the
facts or not. 

 

The trial court=s remarks
demonstrate that the grounds for the objection were apparent to the court.  See Eisenhauer, 754 S.W.2d at 161
(holding that error is not waived where the grounds of the objection are
obvious to the court or opposing counsel).  Appellant=s
objection was therefore sufficient to preserve error.  See Heidelberg, 144 S.W.3d at 540.

 








B. Admission of the Forgery Evidence

The admissibility of evidence at punishment is
guided largely by article 37.07, section three of the Texas Code of Criminal
Procedure.  Haley v. State, 173
S.W.3d 510, 513 (Tex. Crim. App. 2005). 
Under this section, the prosecution may offer evidence of an extraneous
crime or bad act that is shown beyond a reasonable doubt to have been committed
by the defendant or for which he could be held criminally responsible.  Tex.
Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1)
(Vernon Supp. 2007); Haley, 173 S.W.3d at 515.  The court of criminal appeals has held that
article 37.07's proof beyond a reasonable doubt requirement does not require
the offering party to necessarily prove that the act was a criminal act or that
the defendant committed a crime.  Haley,
173 S.W.3d at 515.  Rather, article 37.07
requires the burden of proof to be applied to a defendant=s
involvement in the act itself, instead of the elements of a crime necessary for
a finding of guilt.  Id.  Therefore, before the trier of fact can
consider the evidence in assessing punishment, it must be satisfied beyond a
reasonable doubt that the prior acts are attributable to the defendant.  Id.








To establish the elements of forgery for a conviction, the
State must prove that Appellant, (1) with intent to defraud or harm another,
(2) possessed with intent to pass, (3) a forged writing, (4) knowing such
writing to be forged, (5) and such writing had been altered so that it
purported to be the act of another, who did not authorize the act.  See Tex.
Penal Code Ann. ' 32.21(a), (b) (Vernon 2003); Williams
v. State, 688 S.W.2d 486, 488 (Tex. Crim. App. 1985).  The intent to defraud or harm another may be
established by circumstantial evidence, and the burden is on the prosecution to
prove each and every element of the offense charged.  See id.  In the case of forgery, the culpable
mental state requires proof of knowledge that the instrument is forged.  Id. 








During the punishment phase of trial the State introduced
testimony of three witnesses to establish the extraneous offense of
forgery.  The cumulative testimony
revealed that a check had been presented to First Bank on April 14, 2005.  The check was made out to Appellant and bore
an endorsement by Appellant in his own name, and it contained his thumbprint,
driver=s
license number, and date of birth.[3]  The check was drawn on the account of JBI
Electrical Systems, Inc. and was purportedly signed by JBI=s owner,
Jacky Martin.  While the check resembled
the checks issued by the company, it did not bear the company logo.  Martin denied authorizing or signing the
check, and stated that he did not know anyone named Karl F. Walker and had not
heard of any other people receiving checks from his company by accident.  We hold that this evidence is sufficient to
prove beyond a reasonable doubt that the unadjudicated forgery offense was
attributable to Appellant.  See Haley,
173 S.W.3d at 515.  The trial court
therefore did not abuse its discretion by denying Appellant=s motion
to strike.  Accordingly, we overrule
Appellant=s sole issue. 

IV. Conclusion

Having overruled Appellant=s sole
issue, we affirm the trial court=s
judgment. 

 

BOB MCCOY 

JUSTICE 

 

PANEL A:   HOLMAN, GARDNER, and
MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: January 31, 2008

 











[1]See Tex. R. App. P. 47.4.





[2]The State cites several
cases where general objections were held not to preserve error on appeal.  See, e.g., Young v. State,
183 S.W.3d 699, 704 (Tex. App.CTyler 2005, pet. ref=d) (no Aproper predicate@); Brown v. State,
163 S.W.3d 818, 829 (Tex. App.CDallas 2005, pet. ref=d) (AI object under [Rule]
702"); Reyna v. State, 99 S.W.3d 344, 348 (Tex. App.CFort Worth 2003, pet. ref=d) (AWe will object to that.@); Cano v. State, 3
S.W.3d 99, 109 (Tex. App.CCorpus Christi 1999, pet.
ref=d) (AObjection, Your Honor. I
askCI move for a mistrial.@). 





[3]According to First Bank
policy, all non-customers were required to be thumbprinted if they presented a
check to be cashed.