**Opinion issued December 28, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00987-CR

————————————

**ALBERT DEWAYNE BEASLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Case No. 10-CR-2663**

---

**MEMORANDUM OPINION**

A jury convicted appellant, Albert Dewayne Beasley, of the first-degree

felony offense of aggravated robbery and, after finding the allegations in an

enhancement paragraph true, assessed punishment at fifty years' confinement.[1]  In one issue, appellant contends that the State failed to preserve evidence of his videotaped confession, in violation of Code of Criminal Procedure article 38.22, which requires a videotaped recording of a defendant's statement to be preserved until the conviction is final and all appeals are exhausted.

We affirm.

## Background

The complainant, Gary Billiot, owned and operated an automotive shop in Texas City.  Appellant occasionally worked at the shop by washing cars and assisting with Billiot's upholstery work.  On August 25, 2010, appellant and a man named Romeo were working with Billiot at the shop.  At the end of the day, Billiot locked up the shop, but he intended to stay for a while longer to work on upholstering some car seats.  Appellant asked Billiot if there was a way for him to make any extra money, and Billiot responded that appellant could help upholster the seats.  Appellant and Romeo then briefly left to get some beers.

When appellant and Romeo returned, Billiot was working on the seats. Romeo eventually left the shop, and appellant remained with Billiot.  They were the only two people in the shop that evening.  Billiot told appellant that he was going to trace a pattern and then appellant could "take over" work on the seat.

---

[1]    *See* TEX. PENAL CODE ANN. § 29.03(a) (Vernon 2011).

When Billiot turned back to the work bench, something hard hit him in the head. Billiot remembered ending up outside, where he spoke with his cousin who had stopped by the shop, and waking up in the hospital. Billiot had had over a thousand dollars in cash on him on the day of the incident.

After he was arrested, appellant gave two written confessions and a videotaped confession. In these confessions, appellant admitted to hitting Billiot with something, probably a pipe, taking the money that Billiot had on him, and running away. Appellant's descriptions of the events that transpired at the shop in his confessions were consistent with Billiot's testimony at trial.

The trial court entered a discovery order requiring the State to produce (1) all statements by appellant pursuant to Code of Criminal Procedure article 38.22 and all written statements made by appellant in connection with this offense and (2) any exculpatory or mitigating evidence within the possession, custody, or control of the State. The discovery order required the parties to complete discovery by the date of the pre-trial conference—March 11, 2011—and imposed upon the State a continuing duty to supplement.

Appellant moved to suppress his written confessions, arguing that they were not voluntary because he was intoxicated at the time that he made the statements. At the February 24, 2011 suppression hearing, Texas City Police Department Officer D. Matheson testified that no videotaped confession existed. Defense

3

counsel asked Officer Matheson why he did not record appellant's confession, and Matheson responded, "We don't have a room that's dedicated solely for video. We have eight detectives and I didn't video." Defense counsel asked whether officers sometimes videotape interviews, and Officer Matheson responded that some interviews are recorded. When asked why one interview would be video-recorded and another one would not be video-recorded, Matheson replied, "The vast majority are written statements. We have no dedicated video room where there's a video set up, availability of equipment."

The trial court denied appellant's motion to suppress the written confessions. The trial court issued findings of fact and conclusions of law, and it ultimately concluded that the written confessions were made voluntarily.

At trial, the State introduced both of appellant's written confessions, as well as a videotaped confession. Defense counsel stated on the record that he received a copy of the video in May or June 2011, approximately four or five months before trial. Defense counsel re-urged the previous motion to suppress the written confessions and objected to the admission of the videotaped confession on the basis that this confession was also not made voluntarily. Defense counsel noted that Officer Matheson had testified at the suppression hearing that no videotaped confession existed, but counsel did not argue at trial that the State had wrongfully withheld evidence in violation of the trial court's discovery order, nor did he argue

4

that the State failed to preserve the videotaped confession. The court, "knowing that the video statement has been presented with a sufficient amount of time for everybody to look at," denied appellant's motion to suppress the videotaped confession.[2]

Officer Matheson acknowledged that, at the suppression hearing, defense counsel asked him if he had taken a video statement and he said no. He testified that he "totally forgot about" the videotaped confession. He stated that, on the morning of the hearing, he was called out on another matter very early in the morning, and he asked the records department to pull a copy of his report in appellant's case before the hearing, but "[t]hey didn't pull the actual case file that had the video in it." He discovered the videotaped confession in the file several months before trial when a representative of the district attorney's office requested

---

[2] The clerk's record contains further indications that appellant and his trial counsel knew of the videotaped confession several months before trial. Appellant's trial counsel sent appellant a letter dated May 7, 2011, in which he stated, "You previously had a hearing on your confession in which you signed two confessions of your crime. The video was not available at that time. However, you have now had the opportunity to view the confession video. You chose not to watch it in its entirety. The court has ruled that the confession is admissible and will be viewed by the jury." Appellant's original trial counsel moved to withdraw on June 8, 2011, and he mentioned in his motion that he and appellant were having "substantial conflicts as to trial strategy as to defendant's written and videotaped confessions." Appellant filed a pro se motion to dismiss the prosecution, in which he stated that, on May 6, 2011, the district attorney informed him that a videotaped confession existed and that he watched the confession with his trial counsel and a bailiff at the district attorney's office. On June 12, 2011, appellant filed a pro se motion to suppress the written and the videotaped confessions. Appellant's second appointed attorney also acknowledged the videotaped confession in a motion for continuance filed on July 22, 2011.

the hard copy of the file. The State notified defense counsel at that time, and appellant and his counsel watched the video at the district attorney's office.

The jury convicted appellant of aggravated robbery and, after finding the allegations in an enhancement paragraph true, it assessed punishment at fifty years' confinement.

### Preservation of Videotaped Confession

In his sole issue, appellant contends that the State erred by failing to preserve evidence of his videotaped confession in violation of Code of Criminal Procedure article 38.22. The State contends that this issue is meritless because (1) the State preserved the videotape, appellant was aware of the videotape and had an opportunity to view it several months before trial, and the videotape was actually admitted at trial; and (2) at trial, appellant objected to the admission of the videotape solely on the basis that his confession was not voluntary, and he did not object on the grounds that the State failed to preserve the videotape or that the State wrongfully withheld production of the videotape in violation of the discovery order. We agree with the State.

Code of Criminal Procedure article 38.22 provides, "Every electronic recording of any statement made by an accused during a custodial interrogation must be preserved until such time as the defendant's conviction for any offense relating thereto is final, all direct appeals therefrom are exhausted, or the

6

prosecution of such offenses is barred by law." TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(b) (Vernon 2005).

Here, the State did not violate article 38.22, section 3(b). *Id.* The State did not destroy the videotape of appellant's confession; instead, it did not discover that the videotaped confession existed until after the trial court had ruled on appellant's motion to suppress his written confessions. When it discovered that it had the videotaped confession in its possession, but had not produced it, it notified defense counsel, who viewed the videotape with appellant at the district attorney's office. At trial, defense counsel acknowledged that he had received a copy of the videotaped confession several months before trial. The State offered, and the trial court admitted into evidence, the videotaped confession. Thus, the videotaped confession has been preserved in accordance with article 38.22, section 3(b).

To the extent appellant contends that the State violated the trial court's discovery order requiring the State to produce all of appellant's statements and any mitigating or exculpatory evidence, and therefore that the trial court erroneously admitted the videotaped confession, we conclude that appellant failed to preserve this issue for appellate review. When the State discloses evidence that was withheld in violation of a discovery order at trial, the defendant's failure either to object to the admission of the evidence on this basis or to request a continuance waives the error "or at least indicates that the delay in receiving the evidence was

7

not truly prejudicial." *See Apolinar v. State*, 106 S.W.3d 407, 421 (Tex. App.—Houston [1st Dist.] 2003) (holding that failure to request continuance waives complaint that State withheld exculpatory evidence in violation of *Brady v. Maryland*),[3] *aff'd on other grounds*, 155 S.W.3d 184 (Tex. Crim. App. 2005); *see also Smith v. State*, 314 S.W.3d 576, 586 (Tex. App.—Texarkana 2010, no pet.) (holding *Brady* challenge not preserved because trial court never ruled on complaint); *Jones v. State*, 234 S.W.3d 151, 158 (Tex. App.—San Antonio 2007, no pet.) (holding that defendant must request continuance and present *Brady* complaint in motion for new trial to preserve complaint for appellate review); *Young v. State*, 183 S.W.3d 699, 706 (Tex. App.—Tyler 2005, pet. ref'd) ("The failure to request [a continuance] waives any *Brady* violation, as well as any violation of a discovery order.").

Here, appellant became aware of the videotaped confession approximately four or five months before trial. Appellant and his trial counsel had the opportunity to view this videotape. When the State offered the videotape into evidence at trial, defense counsel objected solely on the ground that appellant's confession was not voluntary. He did not object on the basis that the State wrongfully withheld material evidence in violation of the discovery order, nor did he file a motion for new trial raising this argument. *Cf. Kirksey v. State*, 132

---

[3] *See Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963) (requiring that State turn over material, favorable evidence to defendant).

S.W.3d 49, 54 (Tex. App.—Beaumont 2004, no pet.) (holding complaint preserved when "colloquy among counsel and the court [made it clear] that all parties understood that Appellant was objecting to the timeliness of the State's production of certain photographs in alleged violation of the pre-trial discovery order"). Moreover, a defendant's trial objection must comport with his objection to the evidence on appeal in order for error to be preserved. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (citing *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005)). We therefore conclude that appellant failed to preserve for appellate review any complaint that the State violated the discovery order or otherwise wrongfully withheld evidence.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Do Not Publish. TEX. R. APP. P. 47.2(b).