# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-17-00353-CR

**Kenneth Boyd, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 75026, HONORABLE JOHN GAUNTT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found Kenneth Boyd guilty of unlawful possession of a firearm by a felon. *See* Tex. Penal Code § 46.04(a). The jury assessed punishment at 10 years' imprisonment, and the trial court rendered judgment consistent with these verdicts. In two appellate issues, Boyd contends that the evidence was insufficient to support his conviction and that the trial court abused its discretion in denying his motion for mistrial. We will affirm the trial court's judgment of conviction.

## BACKGROUND

Two Killeen police officers testified to the following facts at trial. In the early morning hours, they were patrolling the parking lot of a hotel known to be a "high-crime area" used for drugs and prostitution. As they approached a vehicle, the vehicle's sole occupant, later identified as Boyd, quickly exited the vehicle, shut the vehicle door and locked it, and put the keys in his pocket. As Boyd opened and closed the door, the officers smelled fresh marihuana. Boyd told

the officers that he did not own the vehicle and that he did not know who owned the vehicle but that he got the vehicle from his partner. The officers looked inside the vehicle and saw marihuana in plain view. They detained Boyd and searched the vehicle. The officers found several containers of marihuana and a digital scale. Underneath the driver's seat, officers found a loaded pistol. One of the officers testified that the firearm's "pistol grip was located forward as if somebody were to have just stuck it underneath the seat" and affirmed that "if you're sitting in that driver's seat, you could reach right down and grab the handle of the gun and bring it up ready to go." The officers also discovered that Boyd was carrying about $1,300 in cash.

Boyd was subsequently tried, convicted, and sentenced, and this appeal followed.

## DISCUSSION

### Sufficiency of the Evidence

In his first issue, Boyd contends that the evidence was insufficient to support his conviction because the State failed to prove that he knowingly and intentionally possessed the firearm as alleged in the indictment.

In evaluating the sufficiency of the evidence supporting a jury's verdict, we view the evidence in the light most favorable to the verdict and ask whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012) (quoting *Brooks v. State*, 323 S.W.3d 893, 902 n.19 (Tex. Crim. App. 2010)). We are instructed only to "ensure that the evidence presented supports the jury's verdict and that the state has presented a legally sufficient case of the offense charged." *Id.* "The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses,"

2

and if "the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination." *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

Because the officers did not find the firearm on Boyd's person, the State was required to establish affirmative links between Boyd and the firearm to prove that he intentionally or knowingly possessed it. *See Tate v. State*, 500 S.W.3d 410, 413–14 (Tex. Crim. App. 2016) ("When the contraband is not in the exclusive possession of the defendant, a fact finder may nonetheless infer that the defendant intentionally or knowingly possessed the contraband if there are sufficient independent facts and circumstances justifying such an inference."); *Smith v. State*, No. 03-17-00079-CR, 2017 WL 3378894, at *2 (Tex. App.—Austin Aug. 3, 2017, pet. ref'd) (mem. op., not designated for publication); *James v. State*, 264 S.W.3d 215, 218–19 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). In determining whether an affirmative link connects the defendant with contraband, courts have looked to factors including the following: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the contraband was found; (12) whether the place where the contraband was found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness

3

of guilt. *See Tate*, 500 S.W.3d at 414; *Smith*, 2017 WL 3378894, at *2. However, this list is non-exclusive, and the ultimate question is, "Based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *See Tate*, 500 S.W.3d at 414.

Here, the State presented evidence of the following:

- Boyd was the sole occupant of a vehicle parked in a "high-crime area" when officers approached him.

- Boyd got out of the vehicle in a suspicious manner and began walking quickly away.

- Officers smelled fresh marihuana from the vehicle.

- Boyd could not or would not tell the officers who owned the vehicle.

- Officers saw marihuana in plain view in the vehicle.

- The vehicle contained several containers of marihuana and a digital scale, suggesting that Boyd was dealing drugs.

- There was a loaded pistol underneath the driver's seat, and the pistol grip was facing forward so that someone in the driver's seat could easily reach down and grab the gun.

- Drug dealers sometimes carry weapons to protect themselves and their drugs.

- Boyd was carrying about $1,300 in cash.

Viewing this evidence in the light most favorable to the verdict, and deferring to the jury's determinations of witness credibility, we conclude that this evidence provides an affirmative link between Boyd and the firearm. Therefore, we conclude that the evidence was sufficient to support the jury's finding that Boyd knowingly or intentionally possessed the firearm. Moreover,

4

because this was the only element of the offense that Boyd has challenged on appeal, we further conclude that the evidence was sufficient to support his conviction. Accordingly, we overrule Boyd's first appellate issue.

**Motion for Mistrial**

In his second issue, Boyd contends that the trial court abused its discretion in denying his motion for mistrial made in connection with an alleged *Brady* violation. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"); *see also Balderas v. State*, 517 S.W.3d 756, 783 (Tex. Crim. App. 2016), *cert. denied*, 137 S. Ct. 1207 (2017) ("We review a trial court's denial of a mistrial for an abuse of discretion.").

On the second day of trial, the State informed the defense and the trial court that it intended to play a recorded jail call. The call was made by Boyd, and, in the recording, Boyd describes the firearm found in the vehicle. When the State offered the recording at trial, Boyd's attorney stated that he had no objection. The State played the recording for the jury. Later, Boyd's attorney made the following "verbal motion":

> This morning at sometime after 11:00 o'clock I was furnished with this copy of a phone call that was made by the defendant to a potential witness. That phone call was made on September the 24th, 2016. And I understand that the State may not have been aware of it until recently, but this is a matter of due diligence. I did not get adequate notice of it. And, so, therefore, Your Honor, because of the late delivery of this matter, which had been around for several months, I am now asking the Court to declare a mistrial.

After the prosecutor responded, Boyd's attorney stated, "They did not get it to the Defense in time for us to review and look over it and check it out and everything, and because of that we are asking for a mistrial." The trial court then denied the motion, stating, "It does constitute [*Brady*] material, but only if you intended to produce it in the trial of your case. I'm going to deny the mistrial motion on the basis that it is in response to defensive theories raised in opening argument and in cross-examination."

According to Boyd, the jail call is exculpatory *Brady* material because it shows that the gun in fact belonged to someone else. However, according to the State, the call shows that Boyd was attempting to have his friend file an affidavit falsely claiming ownership of the gun to help Boyd's case. Each side argued its interpretation to the jury.

To establish a *Brady* violation, a defendant must satisfy three requirements: "(1) the state suppressed evidence; (2) the suppressed evidence is favorable to defendant; and (3) the suppressed evidence is material." *Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006). Moreover, "[i]ncorporated into the third prong, materiality, is a requirement that defendant must be prejudiced by the state's failure to disclose the favorable evidence." *Id.* To establish prejudice, the defendant must show that "'in light of all the evidence, it is reasonably probable that the outcome of the trial would have been different had the prosecutor made a timely disclosure.'" *Pena v. State*, 353 S.W.3d 797, 812 (Tex. Crim. App. 2011) (quoting *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002)).

To preserve a complaint about a *Brady* violation, the defendant must request a continuance when the prosecution discloses the evidence; otherwise, the defendant waives the

*Brady* complaint. *See Gutierrez v. State*, 85 S.W.3d 446, 452 (Tex. App.—Austin 2002, pet. ref'd) ("[W]hen previously withheld evidence is disclosed at trial, the defendant's failure to request a continuance waives any *Brady* violation."); *see also Painter v. State*, No. 11-15-00318-CR, 2017 WL 6559653, at *7 (Tex. App.—Eastland Dec. 21, 2017, pet. filed) (mem. op., not designated for publication) ("[W]hen previously withheld evidence is disclosed at trial, the defendant has an opportunity to request a continuance. A defendant's failure to request a continuance waives any *Brady* violation.") (citation omitted); *Lewis v. State*, No. 04-12-00428-CR, 2014 WL 1494593, at *9 (Tex. App.—San Antonio Apr. 16, 2014, no pet.) (mem. op., not designated for publication) ("[W]hen there is delayed disclosure of evidence favorable to the defense during trial, the defendant's failure to request a continuance waives any *Brady* violation."); *Futch v. State*, No. 10-11-00283-CR, 2013 WL 3770952, at *9 (Tex. App.—Waco July 18, 2013, pet. ref'd) (mem. op., not designated for publication) (holding that defendant waived his *Brady* claim by not requesting a continuance); *Young v. State*, 183 S.W.3d 699, 706 (Tex. App.—Tyler 2005, pet. ref'd) ("[W]hen previously withheld evidence is disclosed at trial, the defendant has an opportunity to request a continuance. The failure to request one waives any *Brady* violation . . . .") (citation omitted).

Boyd did not request a continuance when the State disclosed the jail call. Nevertheless, in his appellate brief, Boyd argues that his motion for mistrial constituted "a plea for time to study the evidence, a continuance if you will." However, this Court has previously rejected the argument that "a motion for mistrial, as opposed to a motion for continuance, is sufficient to prevent a waiver of a *Brady* allegation." *Gutierrez*, 85 S.W.3d at 452. We conclude that Boyd's motion for mistrial

was not a motion for continuance and did not preserve his complaint of the alleged *Brady* violation.[1]

Accordingly, we overrule his second appellate issue.

## CONCLUSION

Having overruled Boyd's appellate issues, we affirm the trial court's judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:  March 13, 2018

Do Not Publish

---

[1]  Although we need not address the merits of Boyd's *Brady* claim, we note that: (1) the State informed the defense as soon as it learned of the jail call; (2) the jail call was actually admitted into evidence (without objection from Boyd) and was played for the jury; (3) the defense was able to argue its interpretation of the jail call and its alleged exculpatory value to the jury; (4) even if the State had disclosed the jail call long before trial, it could have still argued at trial that the call showed that Boyd was trying to convince his friend to falsely claim ownership of the firearm; (5) the jury could have accepted the State's interpretation that the call was incriminating, not exculpatory; and (6) even if Boyd did not own the firearm, he could still have knowingly or intentionally possessed it.