

# NUMBER 13-17-00361-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**AARON MICHAEL MARTINEZ,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                      **Appellee.**

---

### On appeal from the 24th District Court
### of Victoria County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Hinojosa**
**Memorandum Opinion by Justice Rodriguez**

Appellant Aaron Michael Martinez was convicted of assault and injury to a child. By one issue, Martinez asserts that the trial court "risked a *Brady* violation" by not, *sua sponte*, continuing an ongoing trial to allow him to review newly produced recordings of his jail telephone calls. Because we conclude that Martinez did not preserve his complaint for review, we affirm.

## I. BACKGROUND

A Victoria County grand jury indicted Martinez on two counts. Count one charged Martinez with aggravated assault with a deadly weapon for striking a woman on the head with a thermos, a felony of the second degree. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West, Westlaw through 2017 1st C.S.). Count two charged Martinez with causing bodily injury to a child by pulling his daughter's hair, a felony of the third degree. *See id.* § 22.04(a)(3), (f) (West, Westlaw through 2017 1st C.S.).

On May 22, 2017, prior to the start of trial, the attorneys informed the trial court that there had been some confusion over the state of Martinez's plea. The assistant district attorney ("ADA") explained that on the morning of May 17, 2017, she offered Martinez a plea deal of two years' confinement in exchange for his plea of guilty, which he refused. However, the attorneys explained that on the afternoon of the same day, the case came up for announcements, and Martinez surprised the State and defense counsel by pleading guilty. Martinez's counsel responded to the guilty plea by claiming that it was not made knowingly and voluntarily. The trial court did not accept the plea, and the hearing concluded.

According to the ADA, Martinez's surprise plea led her to review the recordings of Martinez's jail calls from that Wednesday. She found that Martinez placed a call shortly after his plea. During that call, Martinez indicated he wanted to accept the State's offer. The ADA told the trial court that she reached out to Martinez's counsel for clarification on Martinez's wishes, but she did not hear back. The ADA also stated that she spoke with

Martinez's fiancée about his interest in the plea offer. No resolution was reached, and the ADA retracted her offer on the Friday before trial.

When, on the morning of trial, the parties concluded their arguments concerning this plea process, the court inquired how Martinez wished to plead. Martinez entered a plea of not guilty, and the case proceeded to voir dire.

The following day, before the jury was brought in, lead counsel for Martinez requested that the State provide copies of all of Martinez's jail call recordings "in the event that they have some *Brady* information in them." The trial court ordered that the jail call recordings be produced by that afternoon. The State tendered the requested recordings as ordered, as well as a recording of the call between the ADA and Martinez's fiancée. Martinez requested no continuance to review the produced material.

The jury found Martinez guilty under count one of the lesser-included offense of misdemeanor assault and guilty under count two of the charged offense of injury to a child. The jury assessed punishment under count one as one year's confinement and a $1,000 fine. The jury assessed punishment under count two as eight years' confinement and a $2,500 fine.

At no time during the trial proceedings did counsel for Martinez indicate that the jail recordings contained any exculpatory content or object that Martinez's *Brady* rights had been violated. Martinez appeals his conviction.

## II. DISCUSSION

By his sole issue, Martinez argues that the trial court should have, *sua sponte*, granted him a continuance to review the jail call recordings for exculpatory content.

3

Martinez claims that by failing to do so, the trial court created the risk of a *Brady* violation and therefore reversibly erred. Martinez does not identify any exculpatory content that the recordings contained; indeed, the only content that was described during trial proceedings was a call describing Martinez's desire to plead guilty. But Martinez insists that a squandered possibility—i.e., that exculpatory information *might have* been contained in the jail recordings, had they been reviewed—is enough to show reversible error. *But see Ex parte Miles*, 359 S.W.3d 647, 665 (Tex. Crim. App. 2012) (quoting *United States v. Agurs*, 427 U.S. 97, 109–10 (1976)) (holding that "the mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish" a reversible *Brady* violation).

In response, the State points out that Martinez has produced no authority for his assertion that the trial court reversibly erred by not granting him a continuance *sua sponte*. Instead, the State argues that it was Martinez's burden to preserve error by requesting a continuance to review the recordings, but he did not do so. We agree with the State.

Under *Brady v. Maryland*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). However, when *Brady* material is "disclosed at trial, the defendant's failure either to object to the admission of the evidence on this basis or to request a continuance waives the error 'or at least indicates that the delay in receiving the evidence was not truly prejudicial.'" *Rubio v. State*, 534 S.W.3d 20, 27 (Tex. App.—Corpus Christi 2017, pet. ref'd) (quoting *Perez v. State*, 414 S.W.3d 784, 790

4

(Tex. App.—Houston [1st Dist.] 2013, no pet.)); *see Fears v. State*, 479 S.W.3d 315, 327 n.7 (Tex. App.—Corpus Christi 2015, pet. ref'd) (holding that the appellant waived *Brady* error, if any, by failing to request a continuance); *Young v. State,* 183 S.W.3d 699, 706 (Tex. App.—Tyler 2005, pet. ref'd) (same); *Gutierrez v. State*, 85 S.W.3d 446, 452 (Tex. App.—Austin 2002, pet. ref'd) (same).

Here, Martinez belatedly requested the jail call recordings on the morning of trial, and he did not request a continuance so that he could obtain the recordings before trial commenced. The State promptly produced the recordings that afternoon, but again, Martinez did not request a continuance to allow time for review. Instead, Martinez allowed the trial to proceed, uninterrupted by a continuance or a *Brady* objection. Because Martinez failed to object or request a continuance, we conclude that he has waived any error. *See Rubio*, 534 S.W.3d at 27; *see also* TEX. R. APP. P. 33.1(a).

### III.    CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of June, 2018.

5