

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00341-CR

---

DANIEL SANCHEZ MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 207th District Court
Comal County, Texas[1]
Trial Court No. CR2020-066C, Honorable Gary L. Steel, Presiding

---

July 30, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

A jury found Daniel Sanchez Martinez, Appellant, guilty of two counts of aggravated sexual assault of a child and two counts of indecency with a child by contact.[2] On appeal, Appellant argues that the trial court erred in denying his motion for mistrial. We affirm.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. §§ 21.11, 22.021.

## BACKGROUND

In 2019, nine-year-old Paige[3] made an outcry of sexual abuse against Appellant, her step-grandfather. Appellant was indicted with two counts of aggravated sexual assault of a child and two counts of indecency with a child. The case proceeded to a jury trial in September of 2024.

During a hearing outside the presence of the jury, Paige testified that she told the prosecutor that one of her cousins, A.L., was asleep in her bedroom at the time Appellant assaulted Paige in the living room. Appellant asserted that the State had failed to disclose this statement, which was inconsistent with Paige's previous statement that A.L. was with her in the living room at the time of the first assault. Following arguments to the court, Appellant's counsel moved for a mistrial based on the State's failure to disclose material evidence, which the trial court denied.

## ANALYSIS

In his sole issue on appeal, Appellant asserts that the trial court abused its discretion in denying his motion for mistrial because the State violated *Brady v. Maryland* and the Michael Morton Act by failing to disclose favorable, material evidence of a prior inconsistent statement made by Paige. *See Brady v. Maryland*, 373 U.S. 83, 87–88, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) (prosecution has burden to timely disclose exculpatory or mitigating evidence); *see also* TEX. CODE CRIM. PROC. ANN. art. 39.14(h) (same). The State has a duty to disclose exculpatory evidence that is material to a

---

[3] To protect the identity of the minor victim, we refer to her by a pseudonym. *See* TEX. R. APP. P. 9.10.

defendant's case. *See Brady*, 373 U.S. at 87. A *Brady* violation occurs when the State fails to disclose evidence which is favorable to the accused that creates a probability sufficient to undermine the confidence in the outcome of the proceeding. *Thomas v. State*, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992) (en banc). Similarly, under article 39.14, the State must "disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged." TEX. CODE CRIM. PROC. ANN. art. 39.14(h). Favorable evidence includes exculpatory evidence as well as impeachment evidence. *Pena v. State*, 353 S.W.3d 797, 811 (Tex. Crim. App. 2011); *Johnston v. State*, 917 S.W.2d 135, 138 (Tex. App.—Fort Worth 1996, pet. ref'd) (*Brady* violation occurs when prosecutor fails to disclose evidence that may impeach credibility of State's witness where witness's credibility is material to accused's guilt or innocence).

When previously withheld evidence is disclosed at trial, the defendant has an opportunity to request a continuance. *Williams v. State*, 995 S.W.2d 754, 762 (Tex. App.—San Antonio 1999, no pet.). A defendant's failure to request a continuance waives any *Brady* violation. *Young v. State*, 183 S.W.3d 699, 706 (Tex. App.—Tyler 2005, pet. ref'd); *Gutierrez v. State*, 85 S.W.3d 446, 452 (Tex. App.—Austin 2002, pet. ref'd); *Williams*, 995 S.W.2d at 762. A motion for mistrial based on a *Brady* violation is appropriate only when a continuance is denied. *Cohen v. State*, 966 S.W.2d 756, 763–64 (Tex. App.—Beaumont 1998, pet. ref'd). Likewise, a defendant's failure to request a continuance also waives any violation under article 39.14(h). *See O'Kane v. State*, No.

04-16-00526-CR, 2017 Tex. App. LEXIS 6927, at *8 (Tex. App.—San Antonio July 26, 2017, no pet.) (mem. op., not designated for publication).

Appellant did not request a continuance at any time after Paige testified regarding an inconsistent statement to prosecutors. Therefore, even if we assume without deciding that the State had a duty to disclose the challenged evidence, we must conclude that Appellant waived any violation of *Brady* and any violation of article 39.14. *See Zule v. State*, 802 S.W.2d 28, 33 (Tex. App.—Corpus Christi–Edinburgh 1990, pet. ref'd) (holding *Brady* claim waived where defense counsel moved for mistrial but not for continuance).

## CONCLUSION

Having found no abuse of discretion, we affirm the judgment of the trial court.


Judy C. Parker
Justice


Do not publish.