

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-15-00524-CR

Austin **PRINCE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 432473
Honorable Scott Roberts, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  July 13, 2016

AFFIRMED

Appellant Austin Prince was convicted of possession of marijuana, less than two ounces, and assessed punishment at 180-days' confinement in the Bexar County Jail, suspended and probated for 180 days, and a $300.00 fine.  On appeal, Prince contends the trial court erred in failing to grant his motion for continuance and his motion for mistrial based on the State's failure to disclose the identity of a witness prior to the close of the evidence.  We affirm the trial court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

## A.     Testimony before the Jury

The case was called for trial on July 23, 2015, and Prince's pretrial motions to suppress evidence and Prince's statements were carried with the trial.

### 1.     *Officer Rodriguez's Testimony*

The State's sole witness was San Antonio Police Department Officer David Rodriguez. Officer Rodriguez testified he was "working alone," on July 21, 2013, in an area with heavy traffic. Prince failed "to stop exiting a private driveway" and also failed to stop before crossing a pedestrian sidewalk. The officer initiated a traffic stop and Prince's car came to a slow stop in a private parking lot.

As Officer Rodriguez approached the car, he described Prince as extremely nervous, sweating profusely, and shaking. The officer testified that he recognized a strong odor of marijuana emanating from Prince's car. When Prince failed to produce a valid driver's license, Officer Rodriguez requested Prince exit his car and Prince was placed under arrest for operating a vehicle without a license. Officer Rodriguez testified that he read Prince his *Miranda* warnings and placed Prince in the rear seat of the patrol car. Prince's passenger was also *Mirandized* and detained. Based on Prince's arrest, Officer Rodriguez inventoried Prince's car to prepare the vehicle for towing. The officer removed a backpack from the rear-floorboard, within immediate reach of both the driver and the front-seat passenger.

Counsel approached the bench and defense counsel reurged his objection to the admissibility of Officer Rodriguez's testimony that Prince was given warnings consistent with *Miranda*. *See Miranda v. Arizona*, 384 U.S. 436 (1966). The jury was excused and Prince was called to testify for the limited purpose of the motion to suppress. Contrary to the officer's testimony, Prince testified (1) he produced a driver's license, (2) the first time his *Miranda* rights

were read was at the jail and not by Officer Rodriguez during the traffic stop, and (3) Officer Rodriguez "had his partner . . . search the vehicle." During cross-examination, the State elicited the following testimony:

> State:     So the officer's statement that he was working by himself is not true?
>
> Prince:    It's not true.

The trial court denied defense counsel's motion to exclude any post-arrest statements made by Prince.

The jury returned to the courtroom and the State's direct examination of Officer Rodriguez's testimony resumed. Officer Rodriguez testified that he asked both Prince and his passenger about the backpack. Although the passenger denied ownership, Prince conceded the backpack and the marijuana were "his property."

During cross-examination, defense counsel questioned Officer Rodriguez regarding the lack of independent evidence to support the officer's testimony. Specifically, defense counsel questioned the officer regarding his failure to memorialize Prince's statements in either written, audio, or video format.

> Defense Counsel:    So by your testimony, there is no one else who can testify to the veracity of what you said?
>
> Officer Rodriguez:  Yes, sir.
>
> Defense Counsel:    So essentially, you've created a situation where the jury simply has to take your word for it that everything you've said is true?
>
> Officer Rodriguez:  Yes, sir.

The remainder of defense counsel's cross-examination focused on the lack of independent evidence linking Prince to either the backpack or the marijuana found inside the backpack. Defense counsel did not ask Officer Rodriguez or solicit testimony relating to Prince's allegations that Officer Rodriguez's "partner" searched the vehicle.

The State rested and the jury was excused. Based on the testimony of Officer Rodriguez, the trial court denied Prince's motion to suppress the evidence based on lack of probable cause to support the traffic stop.

### 2. *Prince's Testimony*

The jury returned to the courtroom and the defense called its only witness—Prince. Prince's testimony directly contradicted much of Officer Rodriguez's testimony. Prince testified that he stopped before he entered the roadway, he activated his blinker before the turn, and there was no traffic on the roadway at the time. He further explained that when the officer approached his window, Prince asked the basis for the officer's traffic stop. Officer Rodriguez responded, "I've been getting complaints of somebody pen-striping around the area." After reportedly telling the officer, "I'm driving. I'm not mooning anybody," Prince contends the officer took him out of the car, "put me in handcuffs," "got everything out of my pockets while I was in handcuffs," and put him in the back of the patrol car. Prince was adamant that Officer Rodriguez never asked for identification and never read Prince his *Miranda* rights.

Prince testified that while sitting in the back of the patrol car, he saw Officer Rodriguez's "partner" search the car.

Defense Counsel: What was this other individual wearing?

Prince: He was wearing a gray outfit that looked like a security guard, like, maybe he was in training or something, and Officer Rodriguez was, like, training him, but that's what he was wearing, like, a gray outfit.

. . . .

Defense Counsel: Okay. Do you know where the other individual was [when Officer Rodriguez approached you]?

Prince: He was in the police car. Whenever I got detained, he got out of the police car.

. . . .

Defense Counsel: [D]id you have a clear enough line of sight to see the activities around the car, opening of doors, who would get in and out of the car, and what was going on with someone in the car?

Prince: Yes.

Defense Counsel: Okay. What did this other we'll say person—do immediately upon you entering the vehicle?

Prince: He got out of the police vehicle and Officer Rodriguez told him to search the vehicle I was in, and he searched it.

According to Prince, Officer Rodriguez never searched the vehicle, but instead "was searching my phone the whole time." Prince further testified the backpack belonged to his passenger and that it was located in the passenger's seat, between his passenger's legs.

During cross-examination by the State, Prince reiterated that Officer Rodriguez lied and perjured himself under oath, regarding the basis for the initial stop, the reading of *Miranda* warnings, the backpack's location, whether "[Officer Rodriguez] was acting alone," and Prince's statements regarding ownership of the marijuana.

Both sides rested and closed; the only testimony presented was that of Officer Rodriguez and Prince. The case was reset for further proceedings the following afternoon.

### B.    Proceedings Prior to the Case Being Given to the Jury

Prior to closing arguments, the State informed the trial court and defense counsel that, based on Prince's testimony, the State questioned Officer Rodriguez, and it advised defense counsel and the trial court as follows:

State: [T]he officer indicated that the person who was with him was a young, high school student who was interested in being a police officer, so he was essentially job shadowing Officer Rodriguez.

Trial Court: And why didn't Officer Rodriguez state that during his testimony?

State: I—I do not know, your Honor.

. . . .

Defense Counsel: Your Honor, we would ask that a motion for continuance be granted or that the evidence portion of the trial be reopened. We

feel this is a violation of both the Michael Morton Act and a violation of the prosecutor's allegation [sic] to furnish *Brady* material. This goes directly to Officer Rodriguez's credibility.

He, on the stand, perhaps not lied about that incident, but he did make a carefully calculated choice of words to give the jury the impression that he was alone when he was not, which is a matter that Mr. Prince testified directly to and supports his testimony.

We think that it is an impeachment issue and we would ask that we be given an opportunity to investigate who this person is, find out what he actually saw, if anything, and that we be allowed to present this information to the jury.

. . . .

State:    [D]efense counsel was aware that there was potentially this other person there. They had an opportunity to cross-examine—they had an opportunity to talk to their own defendant about this when the defendant decided to take the stand and question him regarding who this other person was. So I just wanted to state that and get that on the record as well.

. . . .

Defense Counsel:  Considering that Officer Rodriguez had already testified that he was alone, it doesn't seem that cross-examining him on that issue would have elicited any further information.

But even knowing what we with knew [sic] from Mr. Prince, we had no way of proving this person's identity or even being able to locate him at all. There's no way that we would have been able to find him, to interview him, and find out if he knew any potentially exculpatory information.

Both the State and defense counsel agreed neither the police report nor any other pretrial proceedings indicated a second person was present in the patrol car. The trial court denied defense counsel's motion for continuance and subsequent motion for a mistrial.

The court's charge was read to the jury. During closing argument, defense counsel contested the officer's legal authority to effectuate a traffic stop. He pointed out direct inconsistencies between Officer Rodriguez's testimony and that of Prince, including whether the officer read the *Miranda* warnings, who was present at the scene, and Prince's alleged statements acknowledging ownership of the marijuana. Defense counsel also questioned the officer's veracity

and failure to provide any evidence to support his accusations. "You shouldn't be required to simply take [the officer's] word for it, especially when he is in a position to give you something more." Defense counsel further argued the State chose not to collect or present additional evidence to substantiate Officer Rodriguez's testimony.

The jury returned a guilty verdict against Prince for possession of marijuana and assessed punishment at 180-days' confinement in the Bexar County Jail, suspended and probated for a term of 180 days, and a $300.00 fine.

## C.     Defense Counsel's Motion for New Trial

A hearing was held on Prince's motion for new trial on October 5, 2015. During the hearing, defense counsel questioned Officer Rodriguez regarding his previous testimony that he was "working alone" at the time of Prince's arrest. The officer explained that on the day in question, he had an "Explorer" in his patrol car. An Explorer is an observer, generally a teenager who "has aspirations of becoming a policeman one day." Officer Rodriguez reiterated that although he remembers having another individual at the scene, he did not know the Explorer's name, the Explorer does not work for the police department, and the Explorer was not "working" that day. Officer Rodriguez testified the Explorer's presence was not a secret and was never hidden from Prince.

Defense counsel argued Prince was denied his due process rights based on Officer Rodriguez's use of either false or misleading testimony. Defense counsel maintained credibility was a key issue in the case and the State failed to produce any independent evidence to corroborate Officer Rodriguez's testimony regarding the reading of the *Miranda* warnings or whether Prince made statements asserting possession of the marijuana.

> [I]f the jury had been allowed to know that Officer Rodriguez had, in fact, had someone with him, someone who might have seen his activities and who could testify independently to the veracity of his statements, the jury might have come to

the conclusion that Officer Rodriguez's other statements might similarly lack credibility.

The trial court denied Prince's motion for new trial.

On appeal, Prince contends the trial court erred in denying the motion for continuance and the motion for mistrial.

### MOTION FOR CONTINUANCE

#### A. Preservation of Error

Texas Code of Criminal Procedure article 29.03 provides, "A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006); *Anderson v. State*, 301 S.W.3d 276, 278–79 (Tex. Crim. App. 2009). Likewise, article 29.08 provides, "All motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." TEX. CODE CRIM. PROC. ANN. art. 29.08; *Anderson*, 301 S.W.3d at 279. In *Anderson*, the Texas Court of Criminal Appeals explained,

> We have construed these statutes to require a sworn written motion to preserve appellate review from a trial judge's denial of a motion for a continuance. Thus, if a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal.

*Anderson*, 301 S.W.3d at 279 (footnotes omitted); *accord Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (refusing to "recognize a due process exception" to the requirement that motion for continuance be written and sworn).

#### B. Prince's Argument on Appeal

Prince contends the trial court's denial of his motion for continuance to cross-examine the "ride-along witness" violated his Sixth Amendment right to confrontation and his due process rights afforded by Article 39.14 of the Texas Code of Criminal Procedure. *See* U.S. CONST. amend. VI; TEX. CODE CRIM. PROC. ANN. art. 39.14(h) (West Supp. 2015) ("[T]he state shall disclose to

the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant . . . .").

## C.      Analysis

Prince's argument that the trial court's denial of his motion for continuance violated his Sixth Amendment right to confront his accuser is subject to procedural default. *See Anderson*, 301 S.W.3d at 280; *Cerf v. State*, 366 S.W.3d 778, 787 (Tex. App.—Amarillo 2012, no pet.). Here, the record does not contain a sworn, written motion for continuance. We, therefore, conclude that Prince's appellate argument challenging the trial court's denial of his unsworn, oral motion for continuance failed to comply with the procedural requirements of articles 29.03 and 29.08. *See Anderson*, 301 S.W.3d at 280; *Cerf*, 366 S.W.3d at 787.

Similarly, Prince's appellate contention regarding the trial court's denial of his motion for continuance based on the State's failure to comply with Criminal Procedure article 39.14, i.e. *Brady* material, is also subject to procedural default. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(h); *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see also Palomo v. State*, No. 06-14-00076-CR, 2015 WL 1546148, at *8 (Tex. App.—Texarkana Apr. 1, 2015, pet. ref'd) (mem. op., not designated for publication) ("The *Brady* doctrine is founded on protecting the defendant's due process rights."). By failing to file a sworn, written motion for continuance, Prince failed to preserve error on either ground—the Sixth Amendment right to confrontation or any alleged discovery violation.

Accordingly, we overrule Prince's appellate issues regarding the trial court's denial of his motion for continuance.

**MOTION FOR MISTRIAL**

**A.    Standard of Review**

An appellate court reviews the denial of a motion for mistrial for an abuse of discretion. *See Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007).  "[A]n appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement."  *Id.* (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)).  "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required."  *Id*. (citing *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)).

**B.    Prince's Argument on Appeal**

Prince contends the trial court erred in denying his motion for mistrial because the State's failure to disclose the "ride-along witness" constituted a *Brady* violation and prevented the defense from exposing the officer's bias and motive.

**C.    Analysis**

Defense counsel rigorously attacked Officer Rodriguez's credibility during his cross-examination,

> So essentially, you've created a situation where the jury simply has to take your word for it that everything you've said is true?

After both sides rested, defense counsel argued to the trial court that the presence of another individual in the officer's patrol car was directly tied to Officer Rodriguez's credibility.  And again during his closing argument to the jury, defense counsel suggested Officer Rodriguez was lying and pointed to the State's failure to recall the officer to rebut the officer's motivation for misleading the jury as an ongoing theme throughout trial.

Despite defense counsel's arguments, the record supports Prince clearly remembered another individual was present in Officer Rodriguez's patrol car on the day in question.  He

remembered exactly what the individual was wearing and his approximate age. Despite knowing the existence of this other individual, Prince never requested the State provide him with the ride-along witness's identity.[1] "[D]efense counsel was aware that there was potentially this other person" present, yet the record shows the prosecutor only learned about the "ride-along witness" after Prince testified to the ride-along witness's presence at the scene. *Cf.* TEX. CODE CRIM. PROC. ANN. art. 39.14 (requiring disclosure of exculpatory evidence in the possession, custody, or control of the State). Contrary to Prince's assertion that he was denied the right to full cross-examination, defense counsel was presented with an opportunity to cross-examine the officer regarding the ride-along witness, but Prince chose not to do so. As defense counsel stated, "Considering that Officer Rodriguez had already testified that he was alone, it doesn't seem that cross-examining him on that issue would have elicited any further information."

In light of the entire record, we cannot say the trial court abused its discretion in denying Prince's request for a mistrial or that such determination was outside the zone of reasonable disagreement. *See Archie*, 221 S.W.3d at 699. Accordingly, we overrule Prince's appellate issue relating to the trial court's denial of his motion for mistrial.

### CONCLUSION

Having overruled each of Prince's issues on appeal, we affirm the judgment of the trial court.

Patricia O. Alvarez, Justice

PUBLISH

---

[1] The record contains Prince's motion to suppress evidence, filed several months prior to the start of trial, and his motion to suppress Prince's statements, filed on July 22, 2013, the day before Officer Rodriguez and Prince testified before the jury.