

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00526-CR

Timothy Richard **O'KANE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 500210
Honorable Genie Wright, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Marialyn Barnard, Justice
                  Patricia O. Alvarez, Justice

Delivered and Filed:  July 26, 2017

AFFIRMED

Appellant Timothy Richard O'Kane was convicted of assault bodily injury-married and assessed punishment at one-year confinement in the Bexar County Jail, suspended and probated for a term of two years, and a $2,000.00 fine. On appeal, O'Kane contends the trial court erred in (1) denying his second motion for continuance, and (2) limiting defense counsel's ability to confront his accuser with evidence or testimony regarding her character and truthfulness. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2015, O'Kane was charged by information with assault bodily injury-married alleged to have occurred on June 5, 2015.

On June 1, 2016, defense counsel filed a motion requesting the State provide a list of witnesses the State intended to call. The State complied the same day.

On June 2, 2016, during a pretrial hearing on this matter, defense counsel requested the trial court conduct an in camera inspection of the State's file. Defense counsel opined, "I do believe there are prior instances of complaints that the victim has made in other cases." The State responded, "All of this information has been provided to [the defense]. Again, it's on E-discovery." After denying the request, the trial court clarified:

> [M]y mantra has always been and will continue to be each case rises and falls on its own merits, that prior bad behavior that has resulted in a conviction or is a crime of moral turpitude is not going to be raised at this trial. You can certainly ask the complainant about—and other people about her reputation, her veracity and peacefulness. You can ask for opinion, and I'm sure if she has a long history of doing what you said that she's done, then there's going to be someone who's going to say she has a reputation for not being truthful. And once they say she has a reputation for not being truthful, you can elicit examples.

Defense counsel requested a reset of the trial setting so that he could contact the attorneys in the two previous cases in which he alleged the complainant had changed her mind. The trial court granted the request and the matter was reset for August 10, 2016.

On August 8, 2016, following the trial court's denial of defense counsel's second request for an in camera inspection of the State's file for undisclosed *Brady* information, defense counsel filed a motion to order the State to seal its work product file for appellate purposes.

On August 10, 2016, prior to voir dire, the trial court heard outstanding pre-trial motions. Defense counsel announced not ready:

> We just found out right after we recessed the Court that the State has some dismissals from previous cases, but in addition, which has left me complete[ly]

> disappointed, is that in their files, particularly 273917, the State has an affidavit from the complaining witness in this case admitting that she lied, that my client did not assault her on that occasion, but that she was kind of messed up, I guess, on some drugs and alcohol.
>
> The State's representative advised my client they do have the affidavit; however, they will not release it to him and they will not release it to me unless I get it directly from [the District Attorney], which I intend to do to follow through with this case.

The State acknowledged the existence of prior cases in which the complainant was initially cooperative and changed her mind. In response to defense counsel's argument that the affidavits were *Brady* material, the trial court explained that the Rules of Evidence do not allow the defense to use "prior bad acts . . . to try to prove the truth of the matter asserted in this case. . . . So what happened in the past, as far as I'm concerned, except for certain things, is not germane to this case." The State reiterated the State's open-file policy and that all discoverable documents were scanned into E-discovery on June 1, 2016.

Defense counsel averred he was entitled to the State's work product pursuant to Texas Code of Criminal Procedure article 39.14. TEX. CODE CRIM. PROC. ANN. art. 39.14 (West Supp. 2016). The trial court confirmed that the State, even in light of defense counsel's failure to request such, made copies of the discoverable documents available to the defense. *Id*. art. 39.14(a). The trial court also reiterated that the State's obligation to disclose did not "includ[e] the work product of counsel for the State." *Id*. The State reaffirmed disclosure of all mitigating and exculpatory evidence, but averred the complainant had not filed an affidavit of non-prosecution for *this case*.

> If she signed one for prior cases, that is dealing with that case, that is prior counsel to have discovered that, to have known that. The last time we took a not ready was so that he could get the prior defense attorney's files from them to find that information.

In response to the trial court's inquiry into the matter, defense counsel said he was unable to obtain the files because the prior attorneys were "just too busy." After reminding counsel the case was

almost a year old, the trial court denied defense counsel's motion for continuance but explained that he was "free to put anything on the record."

The trial court left the courtroom to allow the State to make a record of the State's plea bargain offer. Defense counsel made the following proffer:

> [W]e just had a hearing before the Court on some information I just discovered from the Bexar County Criminal District Attorney's office regarding some falsifications by the victim in this case on previous occasions, and we were advised that we needed to go to [the District Attorney], directly to him, to get copies of those affidavits where the victim did not tell the truth.
>
> We were denied that right. And for that reason, we are announcing not ready.
>
> I think at this point that should be it for the offer.

The judge returned to the bench and O'Kane rejected the State's offer. The trial court excused defense counsel to view each of the documents provided by the State via E-discovery.

After the recess, defense counsel again argued the State's file did not include the affidavit of non-prosecution from the 2008 case. The State explained the affidavit would be exculpatory in the previous case, but not in this case. The trial court agreed and proceeded with voir dire.

On August 11, 2016, the case was tried before a jury; O'Kane was convicted of assault bodily injury-married. On August 16, 2016, the trial court made a finding of family violence, assessed punishment at one-year confinement in the Bexar County jail, suspended and probated for a period of two years, and a $2,000.00 fine. This appeal ensued.

MOTION FOR CONTINUANCE

## A.     Preservation of Error

Texas Code of Criminal Procedure article 29.03 provides, "A criminal action may be continued on the *written motion* of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006) (emphasis added); *Blackshear v. State*, 385 S.W.3d 589, 590–91 (Tex. Crim. App. 2012)

("[I]f a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal."); *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009). Likewise, article 29.08 provides, "All motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." TEX. CODE CRIM. PROC. ANN. art. 29.08; *Anderson*, 301 S.W.3d at 279. In *Anderson*, the Texas Court of Criminal Appeals explained,

> We have construed these statutes to require a sworn written motion to preserve appellate review from a trial judge's denial of a motion for a continuance. Thus, if a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal.

*Anderson*, 301 S.W.3d at 279; *accord Blackshear*, 385 S.W.3d at 591. The *Blackshear* Court reiterated the need for a written motion and explicitly refused "to recognize a due process exception to the rule requiring motions for continuances to be written and sworn in order to be preserved on appeal." *Blackshear*, 385 S.W.3d at 591 (citing *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009)) (refusing to "recognize a due process exception" to the requirement that motion for continuance be written and sworn).

**B.      O'Kane's Argument on Appeal**

O'Kane contends the trial court committed error when it denied his second motion to continue the jury trial setting to allow defense counsel an opportunity to obtain the complainant's affidavit recanting a prior accusation of family violence against O'Kane.

**C.      Analysis**

O'Kane's argument that the trial court's denial of his motion for continuance based on the State's failure to comply with Criminal Procedure article 39.14, i.e. *Brady* material, is subject to procedural default. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(h); *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see also Prince v. State*, 499 S.W.3d 116, 121 (Tex. App.—San Antonio 2016, no

pet.); *Palomo v. State*, No. 06–14–00076–CR, 2015 WL 1546148, at \*8 (Tex. App.—Texarkana Apr. 1, 2015, pet. ref'd) (mem. op., not designated for publication) ("The *Brady* doctrine is founded on protecting the defendant's due process rights."). By failing to file a written, sworn motion for continuance, O'Kane failed to preserve error.

Accordingly, we overrule O'Kane's appellate issues regarding the trial court's denial of his motion for continuance.

## ADMISSION OF EVIDENCE

### A. O'Kane's Argument on Appeal

In his second issue, O'Kane contends the trial court denied him the ability to confront his accuser with evidence or to introduce evidence regarding the complainant's character and truthfulness.

### B. Preservation of Error

During cross-examination of the complainant, defense counsel attempted to ask questions regarding "their whole life history and relationship," including a prior case where the complainant alleged O'Kane assaulted her. The trial court sustained the State's objection explaining, "I'm going to tell you that any prior relationships, any prior cases, should not be discussed in this case." The following exchange took place:

> Defense Counsel: Then I'm going to have to file something or put something in the record because I am going to save it for appellate purposes.
>
> Trial Court: If you want to take this witness on voir dire and preserve the record in that manner, make a writ of exception, you're welcome to do so, but you're not going to do it in front of the jury.
>
> Defense Counsel: No. It's all right. The jury won't be around in the appeals court.

To adequately and effectively preserve error in a trial court's exclusion of evidence, the substance of the excluded evidence must be shown by an offer of proof unless it is apparent from the context of the questions asked. *See* TEX. R. EVID. 103(a)(2); *Mays v. State*, 285 S.W.3d 884,

889 (Tex. Crim. App. 2009). The purpose of the offer of proof is to show what the witness's testimony would have been; otherwise, there is nothing before the appellate court to show reversible error in the trial court's ruling. *See Stewart v. State*, 686 S.W.2d 118, 122 (Tex. Crim. App. 1984); *see also Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999). Error may be preserved by an offer of proof in question and answer form or in the form of a concise statement by counsel. *See* TEX. R. EVID. 103(b); *Mays*, 285 S.W.3d at 889–90; *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998). Counsel's concise statement "'must include a reasonable specific summary of the evidence offered and must state the relevance of the evidence unless relevance is apparent, so that the court can determine whether the evidence is relevant and admissible.'" *Mays*, 285 S.W.3d at 890 (quoting *Warner*, 969 S.W.2d at 2). Error is not preserved if the offer of proof is inadequate. *Warner*, 969 S.W.2d at 2.

Defense counsel told the trial court that he wanted to bring in "the whole relationship" and the complainant's prior false accusations. It was incumbent upon defense counsel to demonstrate that the proffered evidence was, in fact, admissible. *Id.* Yet, neither the record, nor a bill of exception, provide the contents of the testimony in question. Without such, we cannot conclude defense counsel adequately and effectively preserved error for appellate review. *See* TEX. R. EVID. 103; *Warner*, 969 S.W.2d at 2.

Assuming, arguendo, the trial court understood the evidence in question was the complainant's history of "crying wolf" and making false accusations, and such evidence exists, we turn to whether the trial court erred in excluding the testimony.

C.     **Standard of Review**

An appellate court reviews a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). "As long as the trial court's ruling

was within the 'zone of reasonable disagreement,' there is no abuse of discretion, and the trial court's ruling will be upheld." *Prible*, 175 S.W.3d at 731 (quoting *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997)); *accord Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) (concluding that discretion is not abused if the decision falls within the zone of reasonable disagreement). "[I]f the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed" regardless of the reason for the trial court's ruling. *Devoe*, 354 S.W.3d at 469; *accord Brito Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).

In a criminal prosecution, a defendant has a Sixth Amendment right to question witnesses offering testimony against him. U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . ."); *Gonzalez v. State*, 195 S.W.3d 114, 116 (Tex. Crim. App. 2006). "Even when hearsay offered against a defendant is admissible under evidentiary rules, that evidence may implicate the Confrontation Clause of the Sixth Amendment if the defendant is not afforded the opportunity to confront the out-of-court declarant." *Gonzalez*, 195 S.W.3d at 116 (citing *Shuffield v. State*, 189 S.W.3d 782, 790–91 (Tex. Crim. App. 2006)).

Under Rule 608 of the Texas Rules of Evidence, a witness's credibility may be attacked or supported by testimony about the witness's reputation for having a truthful character or opinion testimony about the witness's character for truthfulness. TEX. R. EVID. 608(a). "Except for a criminal conviction under Rule 609, a party may not inquire into or offer extrinsic evidence to prove specific instances of the witness's conduct in order to attack or support the witness's character for truthfulness." *Id*. R. 608(b). Rule 609 provides a defendant may attack a witness's character for truthfulness with evidence of a felony conviction or crime of moral turpitude. *Id*. R. 609(a)(1). "[T]he trial court retains wide latitude to impose reasonable limits on such cross-examination 'based on concerns about, among other things, harassment, prejudice, confusion of

the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant.'" *Johnson v. State*, 490 S.W.3d 895, 907 (Tex. Crim. App. 2016) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

### D.     Analysis

Rule 608(b) is very restrictive and allows for no exceptions. *Gonzales v. State*, 929 S.W.2d 546, 549 (Tex. App.—Austin 1996, pet. ref d) (citing *Ramirez v. State*, 802 S.W.2d 674, 676 (Tex. Crim. App. 1990)).  Under the Confrontation Clause of the Sixth Amendment, specific acts of conduct may be used to show a witness's bias or interest, but specific acts of conduct are not admissible to impeach a witness's character for truthfulness.  *Id*. (citing *Moody v. State*, 827 S.W.2d 875, 891 (Tex. Crim. App. 1992) (while there are no exceptions to Rule 608(b), constitutional confrontation right includes opportunity to expose witness's motivation in testifying); *Thomas v. State*, 897 S.W.2d 539, 542 (Tex. App.—Fort Worth 1995, no pet.) (evidence of specific acts of conduct are generally not admissible to attack witness's credibility, but exception exists where evidence shows bias or motive to testify untruthfully)).

In the present case, the State objected to defense counsel's questions regarding "their whole life history and relationship."  O'Kane does not contend the testimony was being advanced on bias or motive; to the contrary, his stated purpose for the admission of the affidavits was to show untruthfulness based on prior complaints.  Use of the evidence for that purpose is prohibited, and the trial court did not abuse its discretion when it excluded the evidence.

O'Kane attempted to offer evidence of prior affidavits of non-prosecution.  As the Texas Court of Criminal Appeals explained in *Lopez v. State*, 18 S.W.3d 220, 226 (Tex. Crim. App. 2000), "[w]ithout proof that the prior accusation was false or that the two accusations were similar, the evidence fails to have any probative value in impeaching [the complainant's] credibility in this case."  Here, the appellate record does not contain such proof.

O'Kane failed to prove the evidence or testimony in question was admissible, or proper cross-examination, to contest the complainant's character and truthfulness. Based on a review of the entire record, we cannot say the trial court's ruling was outside the zone of reasonable disagreement. *Prible*, 175 S.W.3d at 731; *Devoe*, 354 S.W.3d at 469.

Accordingly, we overrule O'Kane's final issue on appeal and we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

Do not publish