**Opinion filed December 21, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00318-CR

_____

### CHRISTOPHER STEVEN PAINTER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR42813**

### M E M O R A N D U M   O P I N I O N

The jury convicted Christopher Steven Painter of sexual assault. TEX. PENAL CODE ANN. § 22.011(a)(1) (West Supp. 2017). The jury assessed his punishment at confinement for ten years. Appellant presents five issues on appeal. We affirm.

In Appellant's first issue, he argues that the evidence is insufficient to sustain his conviction because there was insufficient evidence to prove that Appellant used force or that the victim was unable to comprehend or resist the assault. In his second issue, Appellant contests the constitutionality of Section 22.011(b)(4) of the Texas Penal Code, which he argues is unconstitutional both on its face and as applied to his case. In Appellant's third issue, he argues that the trial court erred when it permitted a SANE nurse who examined the victim to testify as to what the victim told her about the assault. In his fourth issue, Appellant argues that the trial court erred when it permitted the victim's mother to testify as to whether she believed that the victim was "capable of understanding the nature of what Appellant had done." In Appellant's fifth issue, he contends that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), and Article 39.14(h) of the Texas Code of Criminal Procedure when it did not provide a report to defense counsel that had been written by one of the State's witnesses.

In Appellant's first issue, he argues that the evidence was insufficient to sustain his conviction because the State did not prove Appellant "used force . . . in committing the act of sexual assault" or "that the complainant did not have the ability to consent." To prove the offense of sexual assault under Section 22.011(a)(1)(A), the State must show that the defendant "intentionally or knowingly . . . cause[ed] the penetration of the anus or sexual organ of another person by any means, without that person's consent." PENAL § 22.011(a)(1)(A).

Section 22.011(b) provides in relevant part that an assault under subsection (a)(1) is without the consent of the other person if the defendant (1) "compels the other person to submit or participate by the use of physical force, violence, or coercion" or (2) "knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act

or of resisting it." PENAL § 22.011(b)(1), (4). In this case, the trial court included in the jury charge a "without the consent of the other person" instruction that tracked the language in Section 22.011(b)(1) and (b)(4). Appellant argues that, because the State did not prove that he used force to commit the assault and because the evidence was insufficient "to show [Jimmy] Edwards'[s] mental disability was so severe that he was incapable of appraising the nature of the act," the jury could not have found Appellant guilty.

We review the sufficiency of the evidence, whether denominated as a legal or a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Evidence is insufficient under this standard in four circumstances: (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; and (4) the acts alleged do not constitute the criminal offense charged. *Brown v. State*, 381 S.W.3d 565, 573 (Tex. App.—Eastland 2012, no pet.) (citing *Jackson*, 443 U.S. at 314, 318 n.11, 320).

Appellant lived at MARC, a residential care facility in Midland for people with intellectual disabilities. In order to qualify to be a resident at MARC, one must have an IQ of 70 or below or have an unrelated condition, such as autism or Asperger's syndrome. Appellant qualified to live at MARC because he was

diagnosed with Asperger's syndrome. Jimmy Edwards also lived at MARC because he had an IQ below 70. Edwards's room was connected to Appellant's room by an adjoining bathroom.

On January 21, 2014, Nicole Applin, a caregiver at MARC, went to residents' rooms to "check" on them before the end of her shift. After Applin did not see Appellant in his room, she went to Edwards's room where she saw Edwards and Appellant "having sexual intercourse." Applin testified that she heard Edwards say to Appellant, "[O]uch, . . . you're hurting me," and that Edwards sounded like he was in pain. Applin said that Appellant was not wearing any clothes and that Edwards was wearing a T-shirt and shorts that had been pulled down. Appellant then said, "[I]t's not what it looks like," and "ran into the . . . restroom" to retrieve his clothes.

Donna Doyle, a SANE nurse at Midland Memorial Hospital, testified that she examined Edwards after the assault. Doyle said that, when she asked Edwards why he was at the hospital for an exam, Edwards responded, "He in [sic] my bed. He hurt me." Edwards then "made a motion to his bottom." Doyle testified that Edwards continued to tell her what happened and said, "I told he [sic] to go to his room. He pulled my shorts down. I told him to go. . . . He ignore [sic] me. . . . [H]e put in [sic] my butt." Doyle also testified that Edwards had an abrasion on his anus, which was "consistent with what [Edwards] told [her] had occurred."

Edwards's roommate at the time, Shawn Mercer, testified that he was in their room at the time of the assault. Mercer testified that, when Appellant came into Mercer's and Edwards's room that night, Appellant told Mercer that "[h]e was going to hurt [Mercer] if [he] told." Mercer testified that, when Edwards and Appellant were in the bed together, Mercer heard Edwards "holler."

4

Edwards's mother testified that she and her husband adopted Edwards when he was a baby. She said that Edwards had various developmental problems as a child and explained why Edwards lived at MARC. She said that, the last time Edwards was tested, his "skill level" was that of a second- or third-grader. She also testified that she did not believe that Edwards "was capable of understanding the nature of what was happening to him at the hands of" Appellant.

Appellant argues that the State did not prove that Appellant used force when he assaulted Edwards. Appellant also argues that the State did not present any evidence as to whether Edwards consented to the contact. Additionally, Appellant argues that the State did not prove that "Edwards'[s] mental disability was so severe that he was incapable of appraising the nature of the act."

The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979). As such, the jury was entitled to accept or reject any or all of the testimony of any witness. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). Furthermore, the jury was entitled to draw reasonable inferences from the evidence. *Jackson*, 443 U.S. at 319. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and, therefore, defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Additionally, "circumstantial evidence is as probative as direct evidence in establishing . . . guilt." *Hooper v. State*, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007).

Edwards's statements to Doyle after the assault—that he told Appellant "to go to his room" and that Appellant "ignore[d]" him, "pulled [his] shorts down," and "hurt" him—were evidence that Appellant "compel[led Edwards] to . . . participate by the use of physical force [or] violence." *See* PENAL § 22.011(b)(1). Additionally,

5

Applin's testimony that Edwards said, "[O]uch, . . . you're hurting me," and that Edwards sounded like he was in pain, as well as Mercer's testimony that he heard Edwards "holler," is evidence that Appellant used force, violence, or coercion to commit the assault.

Furthermore, Edwards's mother's testimony—that she did not believe that Edwards "was capable of understanding the nature of what was happening to him" and that Edwards had the "skill level" of a second- or third-grader—was evidence that Edwards was not able to appraise the nature of what happened or resist it due to his mental disease or defect. We hold that a rational juror could have found beyond a reasonable doubt that Appellant sexually assaulted Edwards without his consent, either by force or because Appellant knew that Edwards was not able to appraise the nature of the act or resist it due to his mental disease or defect. We hold that the evidence was sufficient to find Appellant guilty of sexual assault. Appellant's first issue is overruled.

In Appellant's second issue, he argues that Section 22.011(b)(4) of the Texas Penal Code is unconstitutional both on its face and as applied to him. We note that, although Appellant filed a pretrial motion to determine the statute unconstitutional, he did not raise a constitutionality challenge during or after trial. A defendant cannot use a pretrial motion to raise an "as applied" challenge. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). "An 'as applied' challenge is brought during or after a trial on the merits, for it is only then that the trial judge and reviewing courts have the particular facts and circumstances of the case needed to determine whether the statute . . . has been applied in an unconstitutional manner." *Id.* Therefore, we hold that Appellant did not raise an "as applied" constitutional challenge at trial and, thus, did not preserve an "as applied" challenge for review in this court. TEX. R. APP. P. 33.1; *see Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex.

6

Crim. App. 2008) (holding that it is a "well-established requirement that [an] appellant must preserve an 'as applied' constitutional challenge by raising it at trial"); *see also Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (citing *Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994) (holding that an "as applied" due process challenge is not preserved for appeal if an appellant does not raise a "specific, timely objection" at trial)).

Appellant challenges the facial constitutionality of Section 22.011(b)(4) on two grounds: (1) under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and (2) under the Due Process Clause of the Fourteenth Amendment. U.S. CONST. amend. XIV, § 1. When we review the constitutionality of a statute, we presume that the statute is valid and that the legislature did not act unreasonably or arbitrarily when it enacted the statute. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978); *Delesandri v. State*, No. 11-13-00321-CR, 2015 WL 6511118, at *4 (Tex. App.—Eastland Oct. 22, 2015, no pet.) (mem. op., not designated for publication).

The party who challenges the constitutionality of a statute bears the burden to establish that it is unconstitutional. *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015). To sustain a facial challenge, the party must show that the statute, by its terms, operates unconstitutionally in all possible circumstances. *Id.* at 514–15; *In re S.N.*, 292 S.W.3d 807, 810 (Tex. App.—Eastland 2009, no pet.). Whether a statute is facially unconstitutional is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).

As we have discussed above, Section 22.011(b)(4) provides that a sexual assault is without the consent of the other person if the defendant "knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it." PENAL

7

§ 22.011(b)(4). Appellant contends that Section 22.011(b)(4) violates the Equal Protection Clause because Appellant and Edwards "were part of the same class of individuals that the [statute] is designed to protect" but that they were not treated equally because "only Appellant was charged with sexual assault." Appellant argues that there is no rational basis for treating him and Edwards differently. Appellant argues that Section 22.011(b)(4) also violates the Due Process Clause because it deprives "adults with mental disabilities" the "right to private sexual conduct." He cites *Lawrence v. Texas*, 539 U.S. 558 (2003), for the proposition that "[o]ur laws and traditions afford constitutional protection to personal decisions relating to marriage, procreation, contraception, family relationships, child rearing, and education."

When we examine a facial challenge to a statute under the Equal Protection Clause and the Due Process Clause, we must first determine whether the right that Appellant identifies—the right of adults to engage in private consensual sexual conduct, including when one adult cannot "appraise" or "resist" the conduct due to "mental disease or defect"—is a fundamental one in constitutional jurisprudence, which requires less deference to the State's rationale for enacting a statute that prohibits such conduct. *See, e.g.*, *Toledo v. State*, 519 S.W.3d 273, 279–83 (Tex. App.—Houston [1st Dist.] Apr. 6, 2017, pet. ref'd). "A fundamental right or liberty interest is one that is 'deeply rooted in this Nation's history and tradition' and 'implicit in the concept of ordered liberty.'" *Id.* at 280 (quoting *Chavez v. Martinez*, 538 U.S. 760, 775 (2003)).

In *Lawrence*, the United States Supreme Court held that the Fourteenth Amendment's Due Process Clause affords consenting adults the right to engage in private sexual relationships free from government intrusion. 539 U.S. at 578. The Court in *Lawrence*, however, did not hold that that right is absolute, nor did the Court

describe it as a "fundamental right." *See Toledo*, 519 S.W.3d at 280–81. As our sister court noted, "the Supreme Court recognized that the liberty interest that it recognized did not extend to sexual conduct involving prostitution, minors, or . . . 'persons who might be injured or coerced or who are situated in relationships where consent might not be easily refused.'" *Id.* at 281 (quoting *Lawrence*, 539 U.S. at 578). We hold that Section 22.011(b)(4) does not implicate a "fundamental right."

If an equal protection challenge to a statute does not involve a fundamental right, the statute does not violate the Equal Protection Clause "so long as unequal treatment of persons is based upon a reasonable and substantial classification of persons." *Vasquez v. State*, 739 S.W.2d 37, 43 (Tex. Crim. App. 1987). "[A] statutory classification that does not discriminate against a suspect class need only be rationally related to a legitimate governmental purpose to survive an equal protection challenge." *Ex parte Morales*, 212 S.W.3d 483, 500 (Tex. App.—Austin 2006, pet. ref'd) (citing *Henderson v. State*, 962 S.W.2d 544, 560 (Tex. Crim. App. 1997)).

Facially, Section 22.011(b)(4) does not discriminate against any suspect class; Section 22.011(b)(4) prohibits *any* individual from engaging in sexual conduct with another person whom the individual knows cannot "apprais[e] the nature of" such conduct or "resist[] it" due to "mental disease or defect." *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985) (limiting definition of "suspect class" to race, alienage, and national origin). Thus, we will evaluate Appellant's challenge to Section 22.011(b)(4) under the Equal Protection Clause to determine if it is "rationally related to a legitimate governmental purpose." *Morales*, 212 S.W.3d at 500. Likewise, we will uphold the constitutionality of a statute that affects an interest that is not a fundamental right under the Due Process Clause if the statute bears a rational relationship to a legitimate governmental interest. *See*

*Cleburne*, 473 U.S. at 440; *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 525 (Tex. 1995).

Courts have found multiple statutes that criminalize sexual conduct between members of different groups to be constitutional because they are reasonable and are a rational furtherance of a legitimate state interest. For example, the First Court of Appeals held that Section 22.011(b)(11) of the Penal Code, under which a sexual assault is without consent if "the actor is an employee of a facility where the other person is a resident" unless they are married, is facially constitutional because "it was enacted to protect the class of adults who reside in facilities, such as the elderly and the mentally ill, from abuse by employees of the facilities in which they reside." *Jimenez v. State*, 419 S.W.3d 706, 715 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). The First Court held that was a "legitimate government interest." *Id.*

The First Court of Appeals also held that Section 21.12 of the Penal Code, which criminalizes sexual relationships between educators and students enrolled at the same school in which the educator works, is facially constitutional because "Texas has a rational interest in prohibiting" such conduct. *Toledo*, 519 S.W.3d at 281. Additionally, the First and Fourth Courts of Appeals, for example, have upheld Section 22.011(a)(2)(A) of the Penal Code, which criminalizes sexual conduct between adults and minors. *See, e.g.*, *Byrne v. State*, 358 S.W.3d 745, 752 (Tex. App.—San Antonio 2011, no pet.); *Scott v. State*, 36 S.W.3d 240, 242 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd).

Similarly, the State has a legitimate interest in the protection of individuals who have a "mental disease or defect." A prohibition against members of the general public engaging in sexual conduct as described in subsection (a)(1) with individuals whom a person knows is incapable of "appraising" or "resisting" such conduct due to "mental disease or defect" is a rational means by which to achieve that interest.

Therefore, we hold that Section 22.011(b)(4) does not facially violate the Equal Protection Clause or the Due Process Clause of the Fourteenth Amendment. Appellant's second issue is overruled.

In Appellant's third issue, he argues that the trial court erred when it admitted Doyle's testimony regarding hearsay statements that Edwards made to Doyle. A trial court has discretion to determine whether to admit or exclude hearsay evidence as an exception to the hearsay rule. *Vela v. State*, No. 11-09-00210-CR, 2011 WL 1084795, at *1 (Tex. App.—Eastland 2011, pet. ref'd) (mem. op., not designated for publication). We must review the trial court's decision under an abuse of discretion standard and may not reverse that decision unless it was so clearly wrong as to lie outside the zone of reasonable disagreement. *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008); *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

Appellant contends that Edwards's statements to Doyle did not qualify as an exception to the hearsay rule under TEX. R. EVID. 803(4) because "the State failed to provide sufficient proof the victim knew to be truthful." Rule 803(4) provides that hearsay statements that meet the following criteria are not excluded by the hearsay rule: "A statement that: (A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." TEX. R. EVID. 803(4); *see Vela*, 2011 WL 1084795, at *1.

"For a statement to be admissible under this exception, the declarant must make the statement for the purpose of receiving medical treatment, and the content of the statement must be such as is reasonably relied on by a physician in treatment or diagnosis." *Vela*, 2011 WL 1084795, at *1. The proponent of the evidence must show that the out-of-court declarant was aware that the statements were made for

the purpose of medical diagnosis or treatment and that proper diagnosis or treatment depends upon the veracity of such statements. *Taylor*, 268 S.W.3d 588–89.

The trial court allowed Doyle to testify that Edwards told her, "He in [sic] my bed. He hurt me," and that Edwards then "made a motion to his bottom." Doyle also stated that Edwards told her, "I told he [sic] to go to his room. He pulled my shorts down. I told him to go. . . . He ignore [sic] me. . . . [H]e put in [sic] my butt."

Doyle testified that she examined Edwards at Midland Memorial Hospital and that she tells examinees that she is a nurse. Doyle explained that she "rel[ies] upon the truth . . . of the statements of the patient, relating to their condition[,] for the purpose of diagnosing and treating the patient." Doyle further testified that these statements are "important information" that she uses "for the purpose of a medical diagnosis or treatment." Because of Edwards's statements to her, Doyle performed a "head-to-toe exam" to find trauma, as well as an anal exam and a penile exam.

The circumstances under which Doyle examined Edwards are circumstances that the trial court could reasonably view as indicating that Edwards would have known that he needed to be truthful when he answered her questions in order to obtain proper medical care. We hold that the trial court did not abuse its discretion when it concluded that Doyle's testimony was admissible over Appellant's hearsay objections under Rule 803(4) of the Texas Rules of Evidence. *See, e.g.*, *Martinez v. State*, No. 01-15-00823-CR, 2016 WL 6803233, at *11–12 (Tex. App.—Houston [1st Dist.] Nov. 17, 2016, pet. ref'd) (mem. op., not designated for publication) (holding that the appellant did not show abuse of discretion where the trial court admitted the statements a victim made about an assault to a pediatric nurse practioner under Rule 803(4)); *Segura v. State*, No. 05-15-00032-CR, 2015 WL 8273712, at *3–4 (Tex. App.—Dallas Dec. 8, 2015, no pet.) (mem. op., not designated for publication) (concluding that trial court did not abuse its discretion when it admitted

the statements a victim made to a SANE nurse based on Rule 803(4)). Appellant's third issue is overruled.

In his fourth issue, Appellant argues that the trial court erred when it admitted Edwards's mother's testimony that she did not believe that Edwards was "capable of understanding the nature of what Appellant had done." Rule 701 provides that a witness who testifies in the form of opinions or inferences and who does not testify as an expert is limited to those opinions or inferences that are "rationally based on the witness's perception." TEX. R. EVID. 701. Rule 701 incorporates Rule 602's personal knowledge requirement, "which states that a witness may not testify to a matter unless he or she has personal knowledge of the matter." *Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002); *see* TEX. R. EVID. 602. Rule 701 requires the testimony to be based on the witness's perception, so it is "necessary that the witness personally observed or experienced the events about which he or she is testifying." *Id.* "[A]s a general rule, observations which do not require significant expertise to interpret and which are not based on a scientific theory can be admitted as lay opinions if the requirements of Rule 701 are met." *Id.* at 537.

Appellant argues that, because Edwards's mother "was not present during the incident between Appellant and" Edwards, "she cannot have personal knowledge to know what was going on in her son's mind when the act occurred." We disagree that a witness must personally observe an incident in order to testify about some aspect of it under Rule 701. *See Tobar v. State*, No. 14-15-00011-CR, 2016 WL 2975568, at *6 (Tex. App.—Houston [14th Dist.] May 19, 2016, no pet.) (mem. op., not designated for publication) (holding that a witness's opinion about how an assault victim suffered injuries was admissible under Rule 701, even though the witness did not observe the assault).

Appellant also argues that Edwards's mother "lack[ed] the expertise to give such an opinion of her son's overall mental capacity." However, Edwards's mother testified that she adopted Edwards when he was a baby and that she was aware of Edwards's developmental problems and his "skill level." She also said that she and her husband saw Edwards every weekend while he lived at MARC. Edwards's mother had personally observed Edwards's mental capabilities throughout his life. We hold that the trial court did not abuse its discretion when it admitted Edwards's mother's testimony that she did not believe Edwards was "capable of understanding the nature of what Appellant had done" as lay opinion testimony under Rule 701. Appellant's fourth issue is overruled.

In Appellant's fifth issue, he argues that the State withheld evidence from defense counsel in violation of *Brady*. *See Brady*, 373 U.S. 83. Specifically, Appellant contends that the State withheld a report that Gloria Plattsmier, at that time a nurse at MARC, wrote after she examined Edwards. Appellant also contends that the State's failure to provide Plattsmier's report to defense counsel violated Article 39.14(h) of the Texas Code of Criminal Procedure. CRIM. PROC. art. 39.14(h) (West Supp. 2017).

Plattsmier testified that she was a nurse at MARC at the time of the assault and that she examined Edwards that night. She said that she did not find any signs of trauma during the examination. On cross-examination, Plattsmier testified that she "did a written report, and MARC has the report." She said that she did not know whether the report had been turned over to law enforcement.

Appellant argues that the State's failure to provide Plattsmier's report to defense counsel violated *Brady*. The State has an affirmative duty under the Due Process Clause to disclose exculpatory or impeachment evidence that is material to guilt. *See United States v. Bagley*, 473 U.S. 667, 677 (1985); *see also Brady*, 373

14

U.S. at 87; *Thomas v. State*, 841 S.W.2d 399, 407 (Tex. Crim. App. 1992). Favorable evidence is "material" if there is a reasonable probability that the result of the proceeding would have been different if the evidence had been disclosed to the defense. *Thomas*, 841 S.W.2d at 404.

Similarly, under Article 39.14(h), the State must "disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged." CRIM. PROC. art. 39.14(h). When the evidence is disclosed during trial, however, the materiality question turns on whether the defendant was prejudiced by the delayed disclosure. *Williams v. State*, 995 S.W.2d 754, 761–62 (Tex. App.—San Antonio 1999, no pet.).

Furthermore, when previously withheld evidence is disclosed at trial, the defendant has an opportunity to request a continuance. *Id.* at 762. A defendant's failure to request a continuance waives any *Brady* violation. *Young v. State*, 183 S.W.3d 699, 706 (Tex. App.—Tyler 2005, pet. ref'd); *Gutierrez v. State*, 85 S.W.3d 446, 452 (Tex. App.—Austin 2002, pet. ref'd); *Williams*, 995 S.W.2d at 762. Likewise, a defendant's failure to request a continuance also waives any violation under Article 39.14(h). *See O'Kane v. State*, No. 04-16-00526-CR, 2017 WL 3159462, at *3 (Tex. App.—San Antonio July 26, 2017, no pet.) (mem. op., not designated for publication) ("By failing to file a written, sworn motion for continuance, [the defendant] failed to preserve error" based on the State's failure to comply with Article 39.14(h).); *see also Prince v. State*, 499 S.W.3d 116, 120–21 (Tex. App.—San Antonio 2016, no pet.) (same).

Appellant failed to request a continuance at any time after Plattsmier disclosed on cross-examination that she had made a written report. Therefore, even if we

assume without deciding that the State had a duty to disclose the challenged evidence, Appellant waived any violation of *Brady* as well as any violation of Article 39.14(h).  Appellant's fifth issue is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


December 21, 2017

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.